ACKERMAN FUEL OIL COMPANY, PROSECUTOR, v. THE BOARD OF ADJUSTMENT OF THE BOROUGH OF PARAMUS ET AL., DEFENDANTS.

Argued May 6, 1947—Decided September 5, 1947.

Before Justices Donges, Colie and Eastwood.

For the prosecutor, *Sher, Malech & Sher.*

For the defendants, *Walter T. Wittman.*

The opinion of the court was delivered by

Donges, J. *Certiorari* was allowed to review the decision of the Board of Adjustment of the Borough of Paramus, affirming the action of the inspector of buildings of said borough, in refusing an application for a permit to complete installation and erection of a sign for use in connection with prosecutor's gasoline service station business in said borough.

The essential facts are not in controversy. The prosecutor is the owner and operator of a gasoline service station business. Said station was operated continuously for about fourteen years prior to and at the time of enactment of the zoning ordinance relied upon by the borough, during all of which fourteen years a sign identifying the type of gasoline sold on the premises was erected on said premises. This sign and sign pole existed at the same location until on or about August 31st, 1946, at which time the said sign was taken down by some person without the knowledge or permission of the prosecutor, whose possession took place on September 1st, 1946. On September 1st, 1946, prosecutor attempted to in-

stall its sign on the same location, but was advised by the building inspector that a permit was necessary for such purpose. Prosecutor applied for such license, which was refused, whereupon appeal was taken to the Board of Adjustment. After hearing, of which landowners within 200 feet of the premises in question were notified but none appeared, the Board of Adjustment affirmed the action of the building inspector and denied the permit sought. It was further testified that subsequent to the decision of the Board of Adjustment in this case, two new signs were erected on premises adjacent to prosecutor's business location. One of such signs was a new gas sign, and the other was a re-installation in place of an existing sign. Both of these signs were testified to be within distances of driveways alleged to be prohibited by the ordinance relied upon by respondents.

*R. S.* 40:55-48 provides:

"Nonconforming building and uses; continuance of.

"Any nonconforming use or structure existing at the time of the passage of an ordinance may be continued upon the lot or in the building so occupied and any such structure may be restored or repaired in the event of partial destruction thereof."

The ordinance was adopted on June 15th, 1946, and provided that "A sign or billboard that is not a part of, or entirely supported by, a building, may be erected or maintained in any "D" Business or "E" Industrial district, provided: (a) That it is not within two hundred (200) feet of any street intersection or any motor vehicle driveway constituting the entrance or exit from any filling station * * *."

The premises are in the "D" Business district, and the sign is within 25 feet of State Highway Route No. 17 and within 35 feet of East Ridgewood Avenue.

The ordinance further provides: "5:9-3. The vacation of a non-conforming building or the failure to maintain a non-conforming use for a period of two (2) years shall be deemed to constitute a permanent vacation or abandonment of said non-conforming building or use."

In *Burmore* v. *Smith,* 124 *N. J. L.* 541, the Court of Errors and Appeals held that, "The use which appellants made of

their property at the time of the passage of the zoning ordinance is the authoritative standard for determining the use which they may continue to make of their property after the passage of the zoning ordinance. In other words, the nonconforming use must be the same both before and after the passage of the ordinance."

In the instant case the undisputed evidence is that no change was contemplated. The base structure remained and only the part conveying information as to the kind of gas sold on the premises was removed. The prosecutor was entitled to replace it. He did not seek a variance of the ordinance. He merely sought a permit to restore a theretofore existing sign. This he was clearly entitled to do, both under the statute and by the provisions of the zoning ordinance. *Frank J. Durkin Lumber Co.* v. *Fitzsimmons,* 106 *N. J. L.* 183; *Weisman* v. *Spoerer,* 11 *N. J. Mis. R.* 731; *Pieretti* v. *Johnson,* 132 *N. J. L.* 576; *Bronston* v. *Plainfield,* 119 *Id.* 139.

The action of the defendants in refusing permission to restore the sign was improper and will be reversed, with costs.