103 N.J. Super. 140 (1968)
246 A.2d 738
STATE OF NEW JERSEY, TOWNSHIP OF CHATHAM, PLAINTIFF-RESPONDENT,
v.
BERNARD WILLIAM GARGIULO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 9, 1968.
Decided October 3, 1968.
*142 Before Judges GAULKIN, COLLESTER and LABRECQUE.
*143 Mr. James E. Davidson argued the cause for appellant (Messrs. Farrell, Curtis, Carlin & Davidson, attorneys; Mr. Edward J. Farrell, on the brief).
Mr. John R. Miller argued the cause for respondent Township of Chatham.
The opinion of the court was delivered by LABRECQUE, J.A.D.
Defendant appeals from a judgment of the Morris County Court which, on appeal from the Municipal Court of Chatham Township, found him guilty of violating the township zoning ordinance and imposed a fine of $200.
Appellant has been the operator, since 1954, of a gasoline service station located at the intersection of Green Village Road and Shunpike Road in Chatham Township. Under the zoning ordinance in effect in 1954 the area was zoned for business, including gasoline filling stations, and there were no restrictions on the use of signs.
In 1961 a comprehensive amendment to the zoning ordinance was enacted whereby the area in which defendant's station is located was rezoned "B Neighborhood Business Zone." By the omission to mention them as a permissible use, service stations were excluded. A further amendment enacted in 1965 specifically excluded them. The 1961 and 1965 amendments also contained provisions regulating the number, size, shape, location and lighting of signs and prohibiting the outdoor "storage" of material and equipment.
In 1966, after the filing of a complaint against him by the township zoning officer, defendant made application to the zoning board of adjustment for a variance to permit, inter alia, (1) an increase in the number of signs permitted on the gas station and (2) the storage and display of tires on the premises. Following favorable action by the board, the township governing body on January 5, 1967 adopted a resolution granting a variance for two promotional signs not to exceed 30 inches in the largest dimension but providing *144 that no other promotional sign should be permitted. The resolution also allowed the location and maintenance of a cabinet for the storage and display of tires. There was no appeal from the action of the governing body but thereafter defendant put up the "Flying Aces" contest sign hereafter described.
The magistrate and the County Court judge found that defendant had violated the ordinance by (1) maintaining the sign promoting the "Flying Aces" contest, and (2) displaying a tire at each end of the two pump islands on the premises.
The tire display on which the complaint was based consisted of a single tire, set in a stand at each end of the two pump islands. They were put out every morning and removed every night. Defendant testified they were put there to let the public know that he sold tires and to prevent drivers from running into his pumps.
In his letter opinion the county judge noted that both the 1961 and 1965 ordinances contained provisions prohibiting the outdoor storage or display of merchandise. While we have not been favored with a copy of the 1961 ordinance, the ordinance in effect at the time of the offense was the 1965 one and we find nothing in it which prohibits the display of merchandise. While the resolution of the township committee which granted defendant's application for a variance provided, in part, that "no other tire storage or display for which a variance was requested shall be permitted," this proviso did not rise to the height of law and could not serve to prohibit an action which was not prohibited by the ordinance itself. We reject the suggestion that the provision of the ordinance which requires that material and equipment (with certain exceptions not here relevant) be stored in completely enclosed structures prohibits the display of the tires in the manner indicated. The word storage connotes permanency and not a transient situation. Cf. N.Y. Central R.R. Co. v. Borough of Ridgefield, 84 N.J. Super. 85 (App. Div. 1964). Here the tires were not *145 being stored but were being displayed while serving as bumpers or barriers.
It follows that the conviction for such violation must be set aside. We express no opinion as to whether a prohibition of such display upon this property would be valid.
The "Flying Aces" sign was some 2 1/2 by 6 feet in size, made of nonpermanent material (plastic), and lettered in large letters as follows:
 "WIN
 UP TO
 $2,500
 FREE!
 PLAY
 FLYING
 ACES"
It was tied to the station pylon (identification) post and may more appropriately be denominated as a banner or flyer. It is to be distinguished from signs which were on the premises and continued to be used after enactment of the 1961 ordinance and the additional signs authorized by the variance. The banner was not put up until two months after the governing body had declined to grant a variance permitting it. It was intended to advertise the current "give away" program of the Tidewater Oil Company (hereafter Tidewater).[1] Such programs are of comparatively recent origin and the manner of their operation has been substantially set forth in United Stations of N.J. v. Kingsley, 99 N.J. Super. 574 (Ch. Div. 1968) and United Stations of N.J., v. Getty Oil Co., 102 N.J. Super. 459 (Ch. Div. 1968). Tidewater's area sales manager conceded that such promotional signs were "of a temporary nature."
Gargiulo's testimony indicates that beginning with 1957, with the exception of one year, he displayed some advertising *146 signs or banners furnished him by Tidewater, but "only when the company came out with a promotion campaign," and that these were kept up for but two or three months. In 1966, when "contests" of the "Flying Aces" type began, the sign was kept up from March until November.
While the statute, R.S. 40:55-48, preserved defendant's right to continue the use of his premises as a gasoline service station notwithstanding passage of the 1961 ordinance, such nonconforming uses are to be closely restricted and the protected use may not be extended beyond that enjoyed by defendant prior to its passage. Ranney v. Istituto Pontificio Delle Maestre Filippini, 20 N.J. 189, 197 (1955); Hay v. Board of Adjustment of Borough of Ft. Lee, 37 N.J. Super. 461, 464 (App. Div. 1955); Weber v. Pieretti, 72 N.J. Super. 184, 197 (Ch. Div. 1962), affirmed 77 N.J. Super. 423 (App. Div. 1962). Even a nonconforming use may be subjected to reasonable regulation by a municipality, 8A McQuillin, Municipal Corporations (3d ed. 1965), § 25.182 such as regulation of the use of business signs on the premises. Cf. United Advertising Corp. v. Borough of Raritan, 11 N.J. 144, 150 (1952).
While impliedly conceding that the ordinance provision covers the device here involved, defendant argues that its continuance is lawful because it is itself a nonconforming use, or a use accessory to the principal use of the premises as a gasoline service station. We do not agree.
As noted, defendant's proofs revealed that promotional signs of approximately similar size had been furnished by Tidewater and put up at the service station as far back as 1957. None of these was intended for use for more than a short period. Whether a sign was put up depended on Tidewater's advertising program, and there was one year when there was no promotion at all.
While business signs may attain the status of nonconforming uses, United Advertising Corp. v. Borough of Raritan, supra, at p. 150; State v. Huntington, 145 Conn. 394, 143 A.2d 444, 447 (Sup. Ct. Err. 1958), the temporary *147 use of a sign or banner, if and when the advertising policy of a manufacturer of a product calls for it, does not amount to a nonconforming use which may be continued after enactment of an ordinance which prohibits it. Cf. State on Complaint of Mallet v. Loux, 76 N.J. Super. 409 (App. Div. 1962). The situation here involved is to be distinguished from that in Civic Association of Dearborn Township, Dist. No. 3 v. Horowitz, 318 Mich. 333, 28 N.W.2d 97 (Sup. Ct. 1947), cited by defendant, where it was held that operation of a carnival, which was closed down for the winter when an ordinance prohibiting such use was enacted, constituted a nonconforming use which could be continued. There, as in Burmore Co. v. Smith, 124 N.J.L. 541 (E. & A. 1940), the court was dealing with a use which was necessarily seasonal in its nature, as distinguished from use of the subject premises on an all-year-round basis. Here, the display of the sign was not necessarily seasonal, but depended upon whether and when it was called for by Tidewater's current advertising program.
Nor was maintenance of the device justified as a use accessory to the principal use of the premises. To qualify as such use, it was necessary that it be clearly incidental to and customarily found in connection with the principal use to which it is allegedly related. 1 Rathkopf, The Law of Zoning and Planning, at p. 23-1 (1966). A principal use generally carries with it all uses which are normally accessory, auxiliary or incidental thereto. City of Newark v. Daly, 85 N.J. Super. 555, 560 (App. Div. 1964), affirmed 46 N.J. 48 (1965). See also Zahn v. Newark Bd. of Adjustment, 45 N.J. Super. 516 (App. Div. 1957). So considered, we are satisfied and hold that display of the banner in question was not such an accessory use. Defendant was entitled and has been permitted to continue to display the customary signs associated with the operation of the gasoline service station which were in use at the time the 1961 ordinance was enacted. See Ackerman Fuel Oil Co. v. Board of Adjustment of Borough of Paramus, 136 N.J.L. 93, 95 (Sup. *148 Ct. 1947). As noted, he was subsequently allowed additional signs. Every means of promoting the sale of products dispensed by a dealer does not, per se, qualify as a use clearly incidental to and customarily found in connection with the dealer's business. Undoubtedly, a free barbecue, a balloon ascension or a concert by the Beatles would have great value as promoters of the gasoline business, but it can hardly be said that they should be permitted as auxiliary uses to a gasoline service station where otherwise prohibited by the zoning ordinance. An accessory use may not be permitted to depend upon the whim or ingenuity of those engaged in sales promotion. It requires considerably more substance, especially where, as here, the principal use is a nonconforming one which may not be extended without a variance.
We have reviewed the remaining grounds for reversal and find them to be without merit. There was proof of defendant's guilt beyond a reasonable doubt. The State made out a prima facie case through the testimony of the zoning officer, and when defendant failed in his attempt to establish that the use was a permitted one, the State's case was complete. See Andover Tp. v. Lake, 89 N.J. Super. 313 (App. Div. 1965); Weber v. Pieretti, supra, 72 N.J. Super., at p. 195.
The fact that the complaint referred to a violation of the "variance" does not detract from the validity of defendant's conviction. The enabling statute, N.J.S.A. 40:49-5, authorizes penalties for violation of an ordinance enacted thereunder, and in response to such authorization the ordinance prescribed the penalties to be imposed for violation of its provisions. The complaint charged that maintenance of the sign was in violation of the ordinance and contrary to the provisions of the variance. The latter portion is surplusage and in no wise detracts from the nature of the violation. It was undoubtedly inserted for the purpose of excluding the possibility that the allegedly unlawful action of defendant was authorized by the variance. The error, if any, was harmless.
*149 The judgment of conviction is affirmed insofar as it finds defendant guilty of violation of the ordinance by the display of the "Flying Aces" sign, and reversed as to the violation based upon the tire display. Since the trial judge imposed a single penalty for both violations the matter is remanded for resentencing of defendant.
NOTES
[1] It had conducted a "Win a Check" contest in 1966 and we are told that "Flying Aces" has been succeeded by "Make Money." See United Stations of N.J. v. Getty Oil Co., 102 N.J. Super. 459 (Ch. Div. 1968).