The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Grover F. McBEATH, Defendant-Appellee.

No. 84CA0156.

Colorado Court of Appeals, Div. II.

June 6, 1985.

Rehearing Denied July 11, 1985.

Certiorari Denied Nov. 4, 1985.

**39**

Dennis E. Faulk, Dist. Atty., Steven B. Rich, Deputy Dist. Atty., Fairplay, for plaintiff-appellant.

Kathryn J. Kline, Colorado Springs, for defendant-appellee.

SMITH, Judge.

The People appeal a summary judgment in favor of defendant, Grover F. McBeath, on a claim for abatement and forfeiture pursuant to § 16–13–301, et seq., C.R.S. (1978 Repl. Vol. 8) and § 18–18–108, C.R.S. (1984 Cum.Supp.). We affirm.

Pursuant to a search warrant, the residence which defendant shared with three other persons was searched. In addition to drugs and drug paraphernalia, 14 one hundred dollar bills claimed by defendant as belonging to him were seized. Defendant was later convicted of possession of cocaine and marijuana.

On April 7, 1983, the People brought a civil action seeking a declaration that the residence was a public nuisance and also seeking forfeiture of the fixtures and personal property found in the residence. Defendant was served with a summons and complaint on May 4, 1983. Alleging excusable neglect, defendant filed a motion for enlargement of time in which to file an answer on June 1, and a motion to dismiss on June 15. The court granted the motion for enlargement of time on June 21, 1983, and denied the People's motion for default filed on July 6. The parties then filed cross-motions for summary judgment, and the trial court entered summary judgment for defendant.

I.

On appeal, the People first contend that the trial court erred in denying the motion for default. We disagree.

The trial court has broad latitude under C.R.C.P. 6(b)(2) in permitting enlargement of time within which to file responsive pleadings. See Reap v. Reap, 142 Colo. 354, 350 P.2d 1063 (1960). We perceive no abuse of that discretion under the circumstances of this case.

II.

The People contend in addition that the trial court erred in granting summary judgment for defendant. We disagree.

The burden is upon the People to establish a nexus between the property for which forfeiture is sought and the criminal activity, except as to property *per se* connected to criminal activity. See People v. Bustam, 641 P.2d 968 (Colo.1982). Here, the People offered no evidence by affidavit or otherwise of any connection between the residence, together with the fixtures and personalty found therein and defendant's criminal activity. Because there was no evidence, no inference of a nexus is available as there was in *People v. Lot 23*, 707 P.2d 1001 (Colo.App.1985).

Judgment affirmed.

KELLY and METZGER, JJ., concur.