The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

ONE 1979 VOLKSWAGEN, VIN 1592033253, Katherine Baker and all Unknown Parties who May Claim an Interest in the Subject Matter of this Action, Defendants–Appellants.

No. 87CA1742.

Colorado Court of Appeals, Div. II.

March 2, 1989.

Rehearing Denied March 30, 1989.

Barney Iuppa, Dist. Atty., Donald L. Ketels, Jr., Deputy Dist. Atty., Colorado Springs, for plaintiff–appellee.

Tegtmeier, Sears & Mika, P.C., Mary G. Allen, Colorado Springs, for Katherine Baker.

MARQUEZ, Judge.

Defendant Katherine Baker appeals from the summary judgment which forfeited her interest in her Volkswagen vehicle because it had been used to aid or abet a Class I public nuisance. We affirm.

### I.

■ Defendant first argues that summary judgment was improper because contested issues of fact existed as to whether her car had been used to aid or abet a public nuisance. We disagree.

Summary judgment is proper if there is no genuine issue as to any material fact and if the moving party is entitled to a judgment as a matter of law. C.R.C.P. 56(c). When the party moving for summary judgment shows that genuine issues of material fact are absent, the opposing party bears the burden of demonstrating true factual controversy, and if that party fails to do so, summary judgment should be granted. *Heller v. First National Bank,* 657 P.2d 992 (Colo.App. 1982). *See also Buttermore v. Firestone Tire & Rubber Co.,* 721 P.2d 701 (Colo.App.1986).

Here, the People presented affidavits to establish that defendant telephoned a police officer in his motel room and solicited him for prostitution; that she drove up to the motel in the Volkswagen in question and then walked toward the officer's room; and that, once in his room, she completed her solicitation by tendering the officer a "contract." These facts, if uncontested, were sufficient to prove that defendant's vehicle was subject to forfeiture under Colo.Sess. Laws 1983, ch. 191 § 16–13–303(2) at 684, then in effect, because it was used to aid or abet the use of the motel as a place of soliciting for prostitution, a use which made the motel a class 1 public nuisance under § 16–13–303(1)(a), C.R.S. (1986 Repl.Vol. 8A).

Defendant's exhibits attached to her response to the People's motion do not set forth specific facts demonstrating the existence of a triable issue. *Heller, supra.* The only factual arguments raised by defendant on appeal concern time discrepancies between the affidavits of the motel owner and the police officer, and the fact that the motel owner did not actually see defendant enter the officer's room. These arguments raise no genuine issue about the material facts that were alleged: that defendant used her vehicle to drive to the motel and that, once there, she solicited for prostitution in the motel room. These underlying facts were undisputed, and as defendant failed to meet her burden of demonstrating true factual controversy, summary judgment was appropriate. *Heller, supra.*

### II.

■ Defendant also challenges the trial court's legal conclusion that the motel was a class I public nuisance because defendant solicited for prostitution there. She argues that, because she was not charged with a violation of § 18–7–202, C.R.S. (1986 Repl. Vol. 8B), but rather under the Colorado Springs Municipal Code, § 16–13–303(1)(a) was inapplicable because it specifies that a building or other place is a class I public nuisance when used for "soliciting for prostitution, as defined in section 18–7–202, C.R.S. [ (1986 Repl.Vol. 8B) ]." This argument is meritless.

Section 16–13–303(1)(a) does not restrict the necessary solicitation for prostitution to

cases in which individuals have been charged under the precise section cited as defining that offense; rather, it requires only that the offensive conduct must minimally meet the definition set out in the state statute. Here, there was no dispute that the defendant's activities as described in the supporting affidavits met the definition of soliciting for prostitution as set out in § 18–7–202. Thus, the trial court properly found that the motel was a class I public nuisance.

### III.

Defendant's final contention, that the People failed to establish a nexus between the vehicle and her illegal activities, is equally groundless. Section 16–13–303(2) does not require that defendant's vehicle must have been used as a place where illegal activities were conducted or where contraband was found; it requires only that the vehicle must have been used to conduct, maintain, aid, or abet the illegal activity. Defendant did not, by affidavit or otherwise, present specific facts denying that she used her vehicle for this purpose. However, the People by their affidavits did establish a "nexus between the property for which forfeiture [was] sought and the criminal activity ...," and forfeiture was proper. *People v. McBeath,* 709 P.2d 38 (Colo. App.1985); *see also People v. Lot 23,* 735 P.2d 184 (Colo.1987).

JUDGMENT AFFIRMED.

SMITH and SILVERSTEIN *, JJ., concur.