The PEOPLE of the State of Colorado, Plaintiff–Appellee and Cross–Appellant,

v.

John CERRONE, Emily Cerrone, and One 1985 Honda, Four–Door, VIN JHMAD54XFC016075, and One 1973 GMC, VIN IZE063V102951, and One 1980 Dodge Pickup, VIN 9JL4UA1124509, and One 1984 Home-made Trailer, VIN ID120413CO, and One 1977 Star Craft Boat, Hull Identification No. 6922494, Defendants–Appellants and Cross–Appellees.

No. 87CA0149.

Colorado Court of Appeals,
Div. I.

July 27, 1989.

As Modified on Denial of Rehearing
Aug. 24, 1989.

Certiorari Denied Dec. 4, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and James S. Sudler, III, Asst. Atty. Gen., Denver, for plaintiff-appellee and cross-appellant.

Dolores Martinez Hernandez, Pueblo, and Paul A. Morris, Boulder, for defendants-appellants and cross-appellees.

Opinion by Judge PIERCE.

The People brought this action to seize certain items of real and personal property belonging to defendants, John and Emily Cerrone, as proceeds of certain prostitution businesses. The People sought a forfeiture of defendants' family home, automobile, a pickup truck, a motor home, and a boat with a trailer. The trial court found no evidence to trace any proceeds to the purchase of the family home, but ordered the seizure of the other items.

Defendants appeal that order as an improper application of the statute then in effect, § 16–13–303(3)(b), C.R.S. (1986 Repl. Vol. 8A). *Cf.* § 16–13–303(3)(b), C.R.S. (1988 Cum.Supp.) (proceeds traceable to a public nuisance act). The People cross-appeal a summary judgment entered by the trial court dismissing their claim for a seizure of defendants' family home as proceeds traceable to a separate alleged public nuisance activity. We agree with defendants and, therefore, reverse the judgments of forfeiture. We affirm the trial court as to the cross-appeal.

The evidence supports the trial court's finding that, from 1976 to 1984, defendants operated numerous lingerie modeling and massage businesses for the purpose of promoting prostitution. There is also evidence in the record to support the trial court's conclusion that defendants supported themselves, in whole or in part, from the proceeds of these activities.

From this evidence, the trial court inferred that at least the items of personal property were purchased with proceeds from prostitution because it found no legit-

imate source of funds for these large cash purchases. No evidence was presented, however, to trace any of the real or personal property in question here to illegal proceeds.

### I.

■ Defendants first contend that the trial court erred in concluding that none of the claims is barred by the general one-year statute of limitations. We agree.

All forfeiture actions must be commenced within one year after the cause of action accrues. Section 13–80–103(1)(d), C.R.S. (1987 Repl.Vol. 6A). Consequently, the trial court was without authority to order a seizure of items as proceeds traceable to illegal activities conducted more than one year prior to the filing of the complaint. *People v. Steinberg,* 672 P.2d 543 (Colo.App.1983). As the automobile, pick-up truck, and boat with trailer were all purchased more than one year before the filing of the complaint, the trial court was without authority to order a seizure of those items.

### II.

Defendants next contend that the evidence in the record fails to support a finding that the motor home is subject to forfeiture as being traceable proceeds of an illegal activity. We agree.

Section 16–13–303(3)(b) states that all proceeds *traceable* to certain illegal activities, including prostitution, are subject to a forfeiture.

■ If the property is not *per se* connected to the criminal activity, the People have the burden of establishing a nexus between the property for which the forfeiture is sought and the criminal activity. *People v. McBeath,* 709 P.2d 38 (Colo.App. 1985). The nexus required by the statute is that the items be proceeds *traceable* to the illegal activity.

■ A statute is to be construed in accordance with its plain meaning. *Ellis v. Charnes,* 722 P.2d 436 (Colo.App.1986). Furthermore, as a matter of public policy,

forfeiture statutes must be strictly construed against granting the forfeiture. *Walker v. City of Denver,* 720 P.2d 619 (Colo.App.1986).

■ The word "traceable" means being capable of being traced. *Webster's Third New International Dictionary* 2420 (1976). In order to trace something, one must be able to follow a course or path back to an original source. *Webster's Third New International Dictionary* 2419 (1976). Thus, the use of the term "traceable" reveals the intent of the General Assembly to require that a direct connection be established between the alleged proceeds and the unlawful activity.

The People cite *People v. Lot 23,* 735 P.2d 184 (Colo.1987) for the proposition that the statute does not require them to show a direct connection between proceeds earned and the purchase of each particular item sought to be seized, but rather that the connection can be inferred.

In *Lot 23,* however, the People sought a forfeiture pursuant to § 16–13–303(2), C.R.S. (1986 Repl.Vol. 8A) by establishing that the items sought to be forfeited were *used* in the unlawful activity. Our supreme court held that, because the building in which the items were located was deemed a public nuisance, the trial court could reasonably infer that the use of the items seized was "connected or rationally related to" the unlawful activity. *People v. Lot 23, supra.* No such illegal use of the mobile home has been established.

The record shows that defendants obtained the motor home in exchange for a vehicle and an amount of cash. There is no evidence in the record to connect this purchase to illegal proceeds accruing within one year prior to the filing of the complaint or at any other time. We, therefore, hold that the trial court erred in ordering its seizure.

### III.

In regard to the cross-appeal, we find no merit to the People's claim that defendants' family home is subject to a forfeiture as

proceeds traceable to the commission of a felony.

First, as the family home was not used for any illegal purpose, it cannot be seized. In an action to abate a public nuisance, only real property which has been used for the illegal purpose which is the underlying subject matter of the action is subject to forfeiture and seizure. Section 16–13–314, C.R.S. (1986 Repl.Vol. 3A).

Second, the claim is not based on a public nuisance activity. There is some evidence that the home was paid for with wrongfully received social security benefits and not with proceeds from the prostitution activities. However, the People contend that a wrongful receipt of social security benefits constitutes felony theft and that, accordingly, the home is subject to a forfeiture as proceeds traceable to that wrongful activity in question. We do not address the legitimacy of the felony theft claim as the activity does not involve the use of any building, vehicle, or real property. Therefore, it does not support a public nuisance action.

In asserting that the commission of any felony provides the requisite subject matter for a public nuisance action, the People misinterpret the meaning of § 16–13–303(1)(i), C.R.S. (1986 Repl.Vol. 8A). Section 16–13–303(1) sets forth the definition of a class 1 public nuisance to include, under subsection (i), any building, vehicle, or real property used in the commission of any felony. Under § 16–13–303(3)(b), proceeds traceable to an activity giving rise to a class 1 public nuisance are subject to a forfeiture. As no public nuisance activity has been shown, the People fail to state a claim upon which relief can be granted, and therefore, a dismissal was proper. *See* C.R.C.P. 12(b).

Consequently, although our reasoning differs from that of the trial court, we affirm the dismissal of the claim concerning defendants' family home. *See White v. Rickets*, 684 P.2d 239 (Colo.1984). Furthermore, as the judgment is correct in result, we do not address the legal validity of the reasons applied by the trial court in entering its judgment. *See Allen v. First National Bank*, 120 Colo. 275, 208 P.2d 935 (1949).

Defendants' remaining contentions are without merit.

That part of the judgment ruling that defendants' home was not subject to seizure is affirmed, and the remainder of the judgment of forfeiture is reversed.

HUME and MARQUEZ, JJ., concur.