**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**ONE 1967 FORD MUSTANG CONVERTIBLE and the Owner of Record Thereof, Dean V. Gana, Defendant–Appellant.**

No. 88CA0582.

Colorado Court of Appeals, Div. IV.

Sept. 21, 1989.

Janis E. Chapman, Deputy Dist. Atty., Twenty-first Judicial Dist., Grand Junction, for plaintiff-appellee.

Elder & Phillips, P.C., J. Keith Killian, Grand Junction, for defendant-appellant.

Opinion by Judge DUBOFSKY.

Defendant, Dean V. Gana, appeals from a summary judgment ordering forfeiture of

his vehicle as a Class 1 public nuisance. We reverse.

Summary judgment is a drastic remedy and is never warranted except on a clear showing that there is no genuine issue as to any material fact. *People v. Hernandez & Associates, Inc.*, 736 P.2d 1238 (Colo.App.1986). The moving party for summary judgment has the burden of demonstrating the evidentiary and legal basis for its entry. *Hernandez, supra.*

Here, the complaint alleged that defendant's vehicle was a Class 1 public nuisance under § 18–18–108, C.R.S. (1986 Repl.Vol. 8B) because it had been used for the "unlawful storage or distribution" of controlled substances. In reaching its judgment the trial court implicitly relied on those parts of § 18–18–108, C.R.S. (1986 Repl.Vol. 8B) and § 16–13–303, C.R.S. (1986 Repl.Vol. 6A) which permit the confiscation of vehicles used for "unlawful storage" of controlled substances. Also, the trial court's "Judgment–Amended Order of Abatement" was based on a finding that the vehicle had been used for the "unlawful storage" of controlled substances.

In support of the summary judgment motion, the People submitted affidavits which established only that the controlled substances, two vials of amphetamines and two ounces of marihuana, had been found in defendant's vehicle after it had been seized. These affidavits did not, however, provide evidence of how long or under what circumstances the substances had been in the vehicle. Defendant's affidavit opposing the forfeiture stated that the alleged controlled substances were found in his car when it was in the possession of another person, but specifically denied using the vehicle for "unlawful storage" of controlled substances.

The reported seizure of a relatively small amount of controlled substances from defendant's vehicle is not sufficient to support the trial court's summary judgment determination that the vehicle had been used for the "unlawful storage" of controlled substances.

"Storage" denotes that an item is left at a location for some period of time. It is not synonymous with possession. *See Hoyle v. State*, 216 Miss. 330, 62 So.2d 380 (1953). Generally, the term "storage" indicates duration and not a transient situation. *State v. Gargiulo*, 103 N.J.Super. 140, 246 A.2d 738 (1968). *See also New York Central R.R. Co. v. Borough of Ridgefield*, 84 N.J.Super. 85, 201 A.2d 67 (1964).

If the General Assembly had intended for "storage" of illegal drugs to be equivalent to possession so as to permit confiscation of any property used for such purpose, then most of the other terms in § 16–13–303 would be unnecessary since they are subsumed within the concept of possession. When construing a statute, we are obligated to give consistent and sensible effect to all its parts. *People v. Beyer*, 768 P.2d 746 (Colo.App.1988). Hence, we construe the statute as not permitting confiscation if only bare possession is shown.

Since the word "storage" requires evidence of more than the transient presence of a limited quantity of controlled substances in a vehicle at the time of the seizure, the durational requirements inherent in the term "storage" were not met here.

Our interpretation of the word "storage" as requiring more than mere momentary presence of the illicit substance is buttressed by the fact that the General Assembly has now amended the applicable statute to permit confiscation of vehicles "[u]sed for unlawful possession of any controlled substance ... except for possession of less than eight ounces of marihuana." Section 16–13–303(1)(c)(II), C.R.S. (1988 Cum. Supp.). In our view, this amendment reflects an implicit recognition by the General Assembly that the term "storage" in the preexisting statute did not encompass temporary "possession."

The judgment is reversed and the cause is remanded for further proceedings.

KELLY, C.J., and TURSI, J., concur.