The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Kenneth Eugene WILSON, Defendant–Appellant.

No. 90CA1018.

Colorado Court of Appeals, Div. III.

Jan. 16, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen. and Robert P. Odle, Sp. Asst. Atty. Gen., Durango, for plaintiff-appellee.

Kenneth Eugene Wilson, pro se.

Opinion by Judge CRISWELL.

The defendant, Kenneth E. Wilson, appeals the summary judgment entered by the trial court forfeiting defendant's interest in two motor vehicles. We reverse.

The defendant was found guilty of cultivation of marihuana (also spelled as marijuana), and his conviction was affirmed by this court. *People v. Wilson*, 819 P.2d 510 (Colo.App.1991). The cultivation of the marihuana took place in the office of a building previously used by the defendant as a dental office.

These proceedings, which were commenced in January 1989, sought to have two trucks declared to be a class I public nuisances under § 16–13–303(1)(c), C.R.S. (1986 Repl.Vol. 8A). In support of a request for a temporary restraining order prohibiting defendant from selling or otherwise disposing of the vehicles, the People submitted to the court an affidavit from one of the investigating officers. This affidavit described the marihuana cultivation operation in the defendant's office and the two trucks. The affidavit said that one of the trucks contained certain "bedding" materials, fertilizers, and dried leaves that the officer believed to be marihuana. Samples of the leaves, according to the affidavit, had been sent to the Colorado Bureau of Investigation for analysis.

Several months later, the People moved for summary judgment and filed another affidavit in support of that motion. The same investigating officer averred in this affidavit that certain personal property, *not* including the two motor vehicles, was "designed to be used and [was] being used by the defendant for the cultivation of the marijuana." This affidavit also stated that, "with the exception of the two trucks," the described items of personal property were being used directly in the cultivation operation.

This affidavit made no mention of the suspected marihuana leaves that had been referred to in the first affidavit nor to any results obtained from any analysis undertaken by the Colorado Bureau of Investigation. However, based on the officer's observation of the dental office, he concluded that there had been no activity, other than the cultivation of marihuana, carried on at that location.

Also submitted in support of the motion for summary judgment were three substantially identical affidavits of other dentists who had maintained offices in the same building. Each affidavit asserted that: "I observed the trucks ... being driven ... to the dental office of Kenneth Wilson on several occasions." However, none of these affidavits alleged that either of the two trucks were involved in carrying any item either to or from the office where the marihuana was under cultivation.

The court granted the motion for summary judgment without stating the bases for its decision.

I.

Defendant argues that the evidence presented in support of the People's motion for summary judgment was insufficient to allow the trial court to conclude, as a matter of law, that the two vehicles that were the subject of the forfeiture proceedings were "public nuisances" subject to forfeiture under the pertinent statute. We agree.

The forfeiture statute governing these proceedings, § 16–13–303(1)(c), C.R.S. (1986 Repl.Vol. 8A), declares that a "class I public nuisance" consists, among other things, of every vehicle:

> *used* for unlawful manufacture, cultivation, growth, production, processing, sale or distribution or for *storage or possession* for any unlawful manufacture, sale, or distribution of any controlled substance.... (emphasis supplied)

Here, the People presented no evidence that either vehicle was used for the storage or possession of any marihuana. *See People v. One 1967 Ford Mustang*, 781 P.2d 186 (Colo.App.1989) ("storage" under the statute means more than momentary possession; absent proof of the length of time marihuana is in the vehicle, no finding of storage can be made).

While the investigating officer's first affidavit, submitted in support of the tempo-

rary restraining order, made reference to dried leaves in the bed of one of the trucks, there was no competent evidence that this material was, in fact, marihuana. On the contrary, although this affidavit noted that this material had been sent to the Colorado Bureau of Investigation for analysis, neither this officer's later affidavit nor any other evidence makes any reference to that analysis nor otherwise establishes that such material was marihuana.

Hence, the question presented to us is whether proof that a defendant uses a vehicle to drive to a location where marihuana is cultivated *compels* the conclusion, *as a matter of law*, that such vehicle was "used" in the "manufacture, cultivation, growth, production, [or] processing of marihuana." We conclude that it does not.

There have been at least three previous decisions by the Colorado appellate courts which have concluded that, under the particular circumstances disclosed by the record in each case, a vehicle had been "used" for unlawful purposes within the meaning of § 16–13–303. In each of those cases, however, the nexus between the commission of the crime and the use of the vehicle was established by far more certain evidence than that produced by the People here.

In *People v. Garner*, 732 P.2d 1194 (Colo.1987), the parties stipulated that the vehicle subjected to forfeiture had been used for transporting and distributing a controlled substance. Here, People's evidence did not establish that either of the vehicles had been used for such purpose.

Likewise, in *People v. Milton*, 732 P.2d 1199 (Colo.1987), the defendant had used the vehicle involved to drive to the point where he committed an armed robbery and as a "get-away" car. When he was arrested, he was still in the vehicle in possession of the proceeds from the robbery. Again, therefore, the People's proof in *Milton* clearly established that the vehicle had been used for a specific criminal act.

Finally in *People v. One 1979 Volkswagen*, 773 P.2d 619 (Colo.App.1989), the affidavits submitted by the People disclosed that the defendant had telephoned a police officer and solicited prostitution. She then drove to the motel where the contract for prostitution was completed. While the court said that the statute incorporates the concept of "aiding and abetting," § 16–13–303(1)(c) itself makes no use of these terms. Nevertheless, in *One 1979 Volkswagen*, the evidence established that the vehicle was used by the defendant in completing the crime of solicitation by driving to the motel for that purpose. In this sense, *One 1979 Volkswagen* is similar to *People v. Garner*, in which the vehicle was used to transport marihuana.

In contrast to these decisions, both *People v. One 1967 Ford Mustang, supra*, and *People v. Cerrone*, 780 P.2d 562 (Colo.App. 1989), noted that forfeiture statutes are to be strictly construed. *See also Walker v. City of Denver*, 720 P.2d 619 (Colo.App. 1986). In *Cerrone*, involving § 16–13–303(3)(b), C.R.S. (1986 Repl.Vol. 8A), which makes property acquired by the proceeds from unlawful activities forfeitable, this court held, as a matter of law, that the absence of proof that the property had a connection with criminal activity made its forfeiture improper.

Even if there is no dispute as to the evidentiary facts, summary judgment is improper if reasonable persons might reach differing conclusions or draw differing factual inferences from those facts. *School District No. 6 in Weld County v. Alfred Watts Grant & Associates*, 156 Colo. 328, 399 P.2d 101 (1965); *Hasegawa v. Day*, 684 P.2d 936 (Colo.App.1983).

Without passing upon the question whether a reasonable person *could* infer that the vehicles here were used in the manufacture or distribution of the marihuana, we are not convinced that every reasonable person would be *compelled* to draw that inference from the facts adduced by the People. Hence, we conclude that the court erred in granting summary judgment.

## II.

The other assertions of error made by defendant have either been rendered moot

by our disposition of the above issue or have been disposed of, adversely to defendant's claims, in *People v. Milton, supra.* Therefore, we need not address them.

The judgment of the trial court is reversed, and the cause is remanded to it for further proceedings consistent with the views set forth above.

TURSI and PLANK, JJ., concur.