**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**ONE 1988 MAZDA 323, VIN JM1BF232XJ0131664, and Naomi Phillips, Defendants–Appellees.**

**No. 92CA1491.**

Colorado Court of Appeals, Div. III.

July 1, 1993.

Robert R. Gallagher, Jr., Dist. Atty., Brian K. McHugh, Deputy Dist. Atty., Englewood, for plaintiff-appellant.

Robert R. Tiernan, Denver, for defendants-appellees.

Opinion by Judge TURSI.

The People appeal from the judgment entered by the trial court in favor of defendant Naómi Phillips, holding that her Mazda automobile is not subject to forfeiture under Colorado's Abatement of Public Nuisance Act, § 16–13–301, et seq., C.R.S. (1986 Repl.Vol. 8A). We affirm.

The following facts were stipulated to by the parties. Defendant owned the 1988 Mazda that is the subject of this action. She used it lawfully to drive to and from her job in a department store. On two separate occasions, defendant was observed removing merchandise from the store without paying for it. She was then seen placing the items in her Mazda and driving away. Such thefts constituted felonious conduct. The People, for the purposes of this proceeding, conceded that the theft was completed before defendant placed the stolen merchandise in her vehicle.

Section 16–13–303, C.R.S. (1986 Repl.Vol. 8A), as pertinent to this controversy, provides:

> (1) Every building ... [and] every vehicle ... shall be deemed a class 1 public nuisance when:
>
> ....
>
> (e)(I) Used as a place where the commission of theft by receiving, as defined in section 18–4–410(1), C.R.S., occurs;
>
> (II) Used for transporting property which is the subject of theft by receiving, as defined in section 18–4–410(1), C.R.S.;
>
> ....
>
> (i) Used in the commission of any felony not otherwise included in this section.
>
> (2) The ... contents of any building ... vehicle ... which is a class 1 public nuisance under subsection (1) of this section ... and vehicles, used in conducting, maintaining, aiding, or abetting any class 1 public nuisance are subject to seizure, confiscation, and forfeiture....

In refusing to issue an order of abatement and forfeiture, the trial court determined that the specific references to theft by receiving included within § 16–13–303(1) were intended to be applied exclusively, thereby rendering that statute inapplicable to cases involving felony theft. The trial court further determined that there was no link between the Mazda and defendant's criminal activity.

We disagree with the trial court's interpretation of § 16–13–303. Nevertheless, after reviewing the record, we also conclude that the stipulated facts and the evidence presented, when placed in context with concessions by the People, were inadequate to prove that the Mazda was sufficiently connected to the thefts to allow forfeiture under either § 16–13–303(1) or (2). We, therefore, affirm the trial court's order.

## I.

■ The trial court's construction of § 16–13–303 was based on its application of the maxim of *ejusdem generis.* That rule provides that when general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words. 2A N. Singer, *Sutherland Statutory Construction* § 47.17 (5th ed. 1992). The principle is to be used as an interpretive aid only when the General Assembly's intent is unclear. *Lyman v. Town of Bow Mar,* 188 Colo. 216, 533 P.2d 1129 (1975). And, it is not to be applied if it will hinder the attainment of the objectives contemplated by the statutory scheme. *S.A.S. v. District Court,* 623 P.2d 58 (Colo.1981) (fn. 5).

■ Because forfeitures are disfavored as a matter of public policy, forfeiture statutes are to be strictly construed. *See Walker v. City of Denver,* 720 P.2d 619 (Colo.App.1986). However, courts are also bound to give consistent and sensible effect to all parts of a statute. *People v. One 1967 Ford,* 781 P.2d 186 (Colo.App.1989).

■ The references to theft by receiving in § 16–13–303(1) appear as part of an enumeration of specific instances of criminal conduct that will support a forfeiture action. Section 16–13–303(1)(i), C.R.S. (1986 Repl.Vol. 8A), part of that enumeration, provides that any felony not otherwise included within that statute may also support a forfeiture action. Consistent with the plain meaning of the language used in § 16–13–303(1)(i), abatement and forfeiture has been properly ordered when the felony committed was not one of the specific felonies listed. *See, e.g., People v. Milton,* 732 P.2d 1199 (Colo.1987) (involving the forfeiture of an automobile used in a robbery.)

We perceive no ambiguity in the plain language of § 16–13–303(1)(i), nor do we perceive any ambiguity when that subsection is construed in the context of the particular felonies identified in its companion subparts. The inclusion of § 16–13–303(1)(i) is a clear indication that the General Assembly did not intend the enumeration of specific felonies to be exhaustive. Further, legislative history indicates that the General Assembly did not intend to over-

ride the residual effect of § 16–13–303(1)(i) and omit felony theft from the statute's coverage. *See* Colo. Sess. Laws 1981, ch. 203 at 955; Colo.Sess.Laws 1987, ch. 122 at 631.

■ We, therefore, conclude that the trial court incorrectly applied the principle of *ejusdem generis,* and as a result, adopted a construction of § 16–13–303 that failed to give effect to all parts of § 16–13–303(1). Consequently, we hold that felony theft is not excluded from serving as a predicate felony under § 16–13–303(1).

II.

■ The People rely on *People v. 1979 Volkswagen,* 773 P.2d 619 (Colo.App.1989) to argue that the Mazda aided and abetted defendant's illegal activity making it subject to forfeiture under § 16–13–303(2), C.R.S. (1986 Repl.Vol. 8A). *People v. 1979 Volkswagen, supra,* involved the use of an automobile to transport the defendant to a motel where she solicited an undercover officer for prostitution. The public nuisance involved in that case was held to be the motel and the court determined that a sufficient nexus had been established linking the car to the criminal activity.

Here, the People maintain that the department store constituted the public nuisance and that the Mazda aided and abetted defendant's thefts by providing a place for concealment and transportation. There is no evidence to support a finding that the store was in fact a public nuisance. Therefore, we reject that contention.

The People also submitted an affidavit from the investigating officer stating that the defendant has said that each time she committed a theft, she would use her vehicle to conceal and transport the stolen items to her residence. However, at the hearing on its complaint, the People conceded that the Mazda was not used in the commission of the thefts and that the thefts were completed prior to the time that defendant placed the stolen items in the Mazda and drove away.

Hence, the trial court's determination that the Mazda was not subject to forfei-

ture under the facts as presented when applied to the pertinent statute is not error.

Judgment affirmed.

JONES and ROTHENBERG, JJ., concur.