[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR CONTEMPT
The present matter was instituted in 1989 when the plaintiff sought an injunction against the defendant seeking to enjoin him from utilizing his property as a home occupation without a permit. The matter then came before court, Thompson, J., on May 10, 1990 when an order was issued by the Court directing the defendant to remove one half the vehicles from his property within 90 days and, within twelve months, to remove all remaining vehicles except four vehicles. The court then entered an order "Enjoining and prohibiting the defendant from using his property or maintaining his property in such a way that he stores upon that property vehicles in excess of the number of 4." The court thereafter ordered that there would be a fine of $10 per day assessed for any violation of the court order.
In August of 1991, the fine was raised to $100.00 per day and on September 3, 1991, the court, Thim, J., found the plaintiff to be in contempt of the court's order based upon testimony that there were 25-30 vehicles on the property, and imposed a fine together with attorney's fees and costs. CT Page 7124
The matter again came before the court on August 15, 1994, Vertefeuille, J., where the defendant admitted that he was again in violation of the court order, and the parties agreed that the plaintiff would not seek an additional fine but would allow the defendant sufficient time to remove the excess vehicles. There was also an agreement between counsel approved by the court that the storage of vehicles applied to both registered and unregistered vehicles so that no more than more four vehicles might be stored upon the property.
The matter again came before the Court as result of the plaintiff's motion for contempt dated and filed March 2, 1995 asserting continued violations of the order issued by Judge Thompson. That testimony is clear that at least as of January 18, 1995 there were some 19 vehicles on the property many of which were unregistered and without plates. It is also clear that more than four vehicles, whether registered or unregistered, were stored on the property from at least January 18, 1995 to March 27, 1995.
While the defendant argues that social invitees or vehicles used by those living in the house would not be covered by the injunction, it is not necessary to consider those claims because it is abundantly clear that more vehicles were stored on the property in violation of Judge Thompson's order. While parking "of a vehicle" connotes transience storage connotes a certain degree of permanency. See such cases as St.Louis County v. Taggert, 809 S.W.2d 476, 478 (MO App. 1991); City ofPepper Pike v. Londskrover, 53 Ohio App.2d 63, 371 N.E.2d 579, 95 3d 364, 377 (1977); State v. Gargiulo 103 N.J. Super 140,246 A.2d 738, 740 (1968). It is also apparent that most of the vehicles were not utilized for personal use of the residents of the households nor were they utilized by social guests. It is also apparent that the defendant knowingly allowed the vehicles to remain on his property in violation of the court order.
The court therefore finds that the defendant is in contempt of the order of Judge Thompson and that the plaintiff is entitled to receive a fine, payable to the plaintiff for the purpose compelling obedience to the court's order in the amount of $6900.00, representing $100.00 a day from January 18, 1995 through March 27, 1995. See McTigue v. NewLondon Education Association, 164 Conn. 348 (1973).
RUSH, JUDGE CT Page 7125