**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

**v.**

**William H. FRANK, Defendant–Appellant.**

**No. 95CA0798.**

Colorado Court of Appeals, Div. II.

Oct. 24, 1996.

Rehearing Denied Dec. 19, 1996.

Certiorari Denied Aug. 25, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Eric V. Field, Special Assistant Attorney General, Denver, for Plaintiff–Appellee.

William H. Frank, Pro Se.

Opinion by Judge PLANK.

Defendant, William H. Frank, appeals the trial court's denial of his Crim.P. 35(c) motion in which he sought to vacate his felony conviction, based upon a guilty plea, for selling cocaine. We affirm.

## I.

Defendant was arrested in Longmont, Colorado, on July 23, 1993, and charged with possession of marihuana with intent to sell and multiple sales of 28 grams or more of cocaine. Approximately $5,400 in cash was discovered during a search of defendant's car. Defendant pled guilty to one charge of sale of cocaine. In return for that plea, all other charges were dropped. Based on his guilty plea, defendant was convicted and sentenced to 14 years imprisonment on October 27, 1994.

Meanwhile, on March 22, 1994, the People filed a civil complaint against defendant, alleging that the $5,400 cash found in his car was subject to forfeiture pursuant to Colorado's public nuisance statute, § 16–13–301, et seq., C.R.S. (1986 Repl.Vol. 8A), because it was seized "as proceeds of the illegal sale of controlled substances and the cash was intended to facilitate further illegal sales of cocaine and marijuana."

The parties stipulated to a final order entered in the civil forfeiture action on June 2, 1994, approximately five months before defendant pled guilty in the criminal case. Based on the parties' agreement, the trial court, as "full and final settlement" of the matter, ordered that $3,750 be forfeited to the Longmont Police Department and that $1,650 be returned to defendant.

Pursuant to Crim.P. 35(c), defendant moved to vacate his criminal sentence on grounds that he was punished twice for the same offense in violation of the double jeop-

ardy clause of the United States Constitution. Defendant argued that the forfeiture of $3,750 and the later sentence to 14 years imprisonment both amounted to punishment. Finding the civil sanction imposed against defendant to be remedial rather than punitive, the trial court denied his Crim.P. 35(c) motion.

## II.

■ On appeal, Defendant maintains his claim that imposition of the civil forfeiture and the criminal sentence constituted double jeopardy. We disagree.

■ Both the Fifth Amendment and Colo. Const. art. II, § 18, protect an accused from twice being punished for the same offense. Double jeopardy provisions apply generally to criminal or quasi-criminal proceedings. *See United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984); *People v. Milton,* 732 P.2d 1199 (Colo.1987).

■ A civil as well as a criminal sanction constitutes punishment when the sanction as applied in the civil case serves the goals of punishment. *Department of Revenue v. Kurth Ranch,* 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994). Relying on *Kurth Ranch* and the similar cases of *Austin v. U.S.,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993) and *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), defendant argues that the civil forfeiture of $3,750 here constitutes punishment. We are not persuaded.

Congress long has authorized the government to bring parallel criminal proceedings and civil forfeiture proceedings, and the Supreme Court consistently has found civil forfeitures not to constitute punishment under the Double Jeopardy Clause. *United States v. Ursery,* —— U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). Nothing in *Halper, Kurth Ranch,* or *Austin* alters this traditional understanding that civil forfeiture does not constitute punishment for purposes of the Double Jeopardy Clause.

■ A two part inquiry is used to determine whether *in rem* civil forfeitures are punishment for purposes of the Double Jeopardy Clause: (1) whether the legislature intended the forfeiture statute to be criminal or civil; and (2) whether the proceedings are so punitive in fact as to persuade the court that the forfeiture proceeding may not legitimately be viewed as civil in nature, despite the legislative intent. *United States v. Ursery, supra; Deutschendorf v. People,* 920 P.2d 53 (Colo.1996).

Colorado's public nuisance statute, § 16–13–302, C.R.S. (1996 Cum.Supp.), provides as follows:

> It is the policy of the general assembly that every public nuisance shall be restrained, prevented, abated, and perpetually enjoined....

The statute expressly states that: "The general assembly intends that proceedings under this [statute] be remedial and equitable in nature."

Applying the first of the two-part test used in *Ursery,* it is clear that the General Assembly intended forfeiture proceedings under Colorado's public nuisance statute to be civil.

Nothing in the statutory scheme is so punitive in either purpose or effect as to negate the General Assembly's expressed intent to treat an action to abate a public nuisance as a civil proceeding. Rather, its sanctions are primarily directed toward achieving the salutary goal of preventing and terminating the harmful use of the property. *People v. Milton, supra.*

■ Under the second prong of the *Ursery* test, the proceedings in this case are not so punitive in form and effect as to render them criminal. A significant factor to consider is whether the statute serves important non-punitive goals. *Ursery, supra.*

We agree with the trial court's finding that the $3,750 forfeiture in this case is not punitive. We are not persuaded that the forfeiture proceeding may not legitimately be viewed as civil for purposes of the Double Jeopardy Clause. Forfeiture of $3,750 cash to prevent its use for drug-related criminal activity comports with the remedial purpose of the statutory scheme.

In view of our determination that defendant was not subjected to double jeopardy, we need not address the prosecution's contention that defendant waived his claim by entering a guilty plea. *See People v. Higgins,* 920 P.2d 898 (Colo.App.1996).

Order affirmed.

STERNBERG, C.J., and KAPELKE, J., concur.