**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Edith J. COBB a/k/a Edith L. Jackson, Defendant–Appellant.**

No. 95CA1453.

Colorado Court of Appeals, Div. II.

Dec. 27, 1996.

Rehearing Denied Feb. 20, 1997.

Certiorari Denied Oct. 20, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Peter J. Cannici, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Edith J. Cobb, Pro Se.

Opinion by Judge KAPELKE.

Defendant, Edith Cobb, appearing *pro se*, appeals from the judgment in favor of the People ordering the forfeiture of certain of her real property and currency pursuant to Colorado's public nuisance abatement statute, § 16–13–301, et seq., C.R.S. (1996 Cum. Supp.). We affirm.

The People filed a civil complaint against defendant seeking forfeiture of, and a temporary restraining order as to, two parcels of real property and $884 in currency. The complaint was supported by the affidavit of a police detective who described a history of sales and use of crack cocaine on the properties by defendant and her tenants.

The trial court determined there was probable cause to believe the properties had been used for unlawful sale or distribution of controlled substances and issued an *ex parte* restraining order as to the two parcels.

Thereafter, the People amended the complaint to include a third parcel of real property that adjoined the other two. A second affidavit recounted additional crack cocaine sales on the properties occurring after the filing of the original complaint.

The trial court later permitted the People to supplement the first amended complaint to include allegations of additional sales of controlled substances.

The People filed a motion for summary judgment as to the relief requested in the first amended complaint. The trial court granted the motion and ordered that the real property and its contents, including the $884,

be forfeited to the Denver Property Confiscation Fund.

## I.

Defendant challenges several of the factual underpinnings of the trial court's summary judgment. To the extent these challenges can be construed as a contention that summary judgment was inappropriate, we disagree with that contention.

Summary judgment is proper if the pleadings, affidavits, depositions, or admissions establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c).

■ If the moving party demonstrates that there are no genuine issues of material fact, the opposing party bears the burden of demonstrating a true factual controversy and, if that party fails to do so, summary judgment should be granted. *People v. One 1979 Volkswagen*, 773 P.2d 619 (Colo.App. 1989).

■ Pursuant to § 16–13–303(2), C.R.S. (1996 Cum.Supp.), all "fixtures and contents of any building . . . or real property which is a Class I public nuisance . . . are subject to seizure, confiscation, and forfeiture. . . ." Pursuant to § 16–13–303(1)(c), C.R.S. (1996 Cum.Supp.), buildings and real property and the fixtures and contents thereof are deemed a Class I public nuisance if they are:

(I) Used for unlawful manufacture, cultivation, growth, production, processing, sale, or distribution or for storage or possession for any unlawful manufacture, sale, or distribution of any controlled substance, as defined in § 18–18–102(5), C.R.S., or any other drug the possession of which is an offense under the laws of this state . . . [or]

(II) Used for unlawful possession of any controlled substance, as defined in § 18–18–102(5), C.R.S., except for possession of less than eight ounces of marihuana. . . .

In support of the summary judgment motion, the People presented affidavits from police officers regarding a series of crack cocaine sales by defendant or her tenants at the location of two of the parcels listed in the amended complaint. Defendant admitted in her discovery responses to having made sales of crack cocaine on the third parcel of property.

Defendant failed to raise a genuine issue of fact regarding the allegations that repeated illegal drug use and sales took place on her real property, and that such property and its contents, including the currency, constituted a Class I public nuisance pursuant to § 16–13–303. Accordingly, we conclude that the trial court acted properly in entering summary judgment. *See People v. One 1979 Volkswagen, supra.*

## II.

■ Defendant next contends that the judgment of forfeiture must be reversed because she received ineffective assistance of counsel. We conclude that this contention may not properly be raised in this civil forfeiture proceeding.

■ The right to assistance of counsel conferred by the Sixth Amendment and Colo. Const. art. II, § 16, applies only to persons "accused" in "criminal prosecutions," *see In re Marriage of Hartley*, 886 P.2d 665 (Colo. 1994), and to defendants in contempt proceedings who face the possibility of imprisonment. *See Padilla v. Padilla*, 645 P.2d 1327 (Colo.App.1982).

In contrast, forfeiture actions brought under Colorado's public nuisance abatement statute are essentially civil in nature. *People v. Milton*, 732 P.2d 1199 (Colo.1987). In *Milton*, the supreme court concluded that, because a forfeiture proceeding was civil in character and not a criminal prosecution, constitutional prohibitions against double jeopardy and constitutional and statutory rights to a speedy trial are not applicable. *See also United States v. Ursery*, —— U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996); *People v. Ferrel*, 929 P.2d 65 (Colo.App.1996); *People v. Frank*, 943 P.2d 28 (Colo.App. 1996).

Based upon the civil nature of this forfeiture proceeding, we conclude that defendant did not have a constitutional right to counsel and that ineffective assistance of counsel is

therefore not a basis for overturning the judgment of forfeiture. *See United States v. $100,375 in U.S. Currency,* 70 F.3d 438 (6th Cir.1995) (Sixth Amendment right to counsel is inapplicable to civil forfeiture proceedings); *United States v. 7108 West Grand Avenue,* 15 F.3d 632 (7th Cir.1994), *cert. denied sub nom. Flores v. United States,* 512 U.S. 1212, 114 S.Ct. 2691, 129 L.Ed.2d 822 (1994) (Sixth Amendment right to counsel inapplicable to civil forfeiture proceedings).

The judgment is affirmed.

CRISWELL and PLANK, JJ., concur.