[No. 6411.]

VIGIL v. VIGIL.

Alimony—Divorce for Fault of the Wife — Under the statute (3 Mills' Stats., § 1567; Rev. Stats., § 2118), the wife may, though divorced for her own fault, be awarded alimony. Where strong grounds to excuse the fault of the wife appeared, and she was old, helpless and penniless, an award of permanent alimony, within the means of the husband, was sustained.—(158)

*Appeal from Pueblo District Court*—Hon. C. S. ESSEX, Judge.

Mr. M. J. GALLIGAN for appellant.

No appearance for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

Josè M. Vigil, appellant here (plaintiff below), on August 19, 1907, brought suit for absolute divorce from Maria V. Vigil, appellee here (defendant below), on the statutory ground of willful desertion. The parties were married in 1869 and lived together as husband and wife until just presently before the commencement of this action. The defendant for answer denied the desertion, and for an affirmative defense alleged that she absented herself from her husband because of his extreme and repeated acts of cruelty toward her, with a prayer for temporary alimony, suit money, and for divorce, claiming to be entitled to $2,000.00 as permanent alimony. Plaintiff replied, putting in issue all affirmative answer matter. Trial was had to a jury, which returned a verdict in favor of plaintiff, declaring the defendant to be guilty of desertion, in manner and form as charged. The court, upon final disposition of the cause, found, among other things, in substance: first, that the allegations of plaintiff's complaint had been sustained by competent and sufficient evidence; and, second, that the allegations of the answer of the defendant, covering the matter of permanent alimony, had also likewise been sustained. Thereupon a judgment and decree of divorce were entered, on the verdict, in favor of the plaintiff, and awarding the defendant alimony in the sum of $20.00 a month until the further order of court. Plaintiff brings the case here on appeal,

contesting the propriety of the judgment giving the wife permanent alimony.

The sole question presented by the record for our consideration and determination is, Was alimony properly decreed to defendant, in view of the fact that the divorce was granted for her fault?

The question turns upon a construction of our statute which provides, in part, by section 1567, 3 Mills' Ann. Stats., as follows: ''And such court or judge may grant alimony or counsel fees *pendente lite,* and when a divorce shall be decreed may make such order and decree touching the alimony and maintenance of the wife and children, or either of them, as may be reasonable and just.''

A critical examination of the evidence convinces us that the verdict might well have been for the defendant on her cross-complaint, supporting her allegations of extreme and repeated acts of cruelty, as ground for absenting herself from her husband. The court below evidently entertained a like view, since it found specially that the defendant, upon the evidence adduced, was entitled to permanent alimony. Since it appears that the husband is able to pay, and the wife is old, helpless, penniless and almost blind, we think such conclusion fully warranted and justified, and that the decree entered ought not to be disturbed, as, under the circumstances and facts of the case, it seems reasonable and just, and in strict compliance with the statute under which alimony was granted. The question of awarding permanent alimony is exclusively for the court to determine, upon the facts of each particular case, and is to be settled according to the very right of the matter.

While it is true that alimony does not go, as of course, to a divorced wife in all cases,—*Neander v. Neander,* 35 Colo. 495—nevertheless, it is settled law

that in a proper one, such as we deem this to be, alimony may be awarded the divorced wife, although the decree may have been granted the husband for her fault. In *Deenis v. Deenis*, 79 Ill., page 74, a case in many respects singularly like the one under consideration, and involving the construction of a statute identical with ours, the above doctrine was definitely announced. The rule also finds support in the following authorities: *Hedrick v. Hedrick*, 28 Ind. 291, and cases there cited; *Zuver v. Zuver*, 36 Ia. 190; *Gaines v. Gaines*, 9 B. Monroe 295; *Graves v. Graves*, 108 Mass. 314; and *Buerfening v. Buerfening*, 23 Minn. 563.

The judgment is accordingly affirmed.

*Affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE MUSSER concur.

Rehearing denied December 5, A. D. 1910.