## No. 10,214.

## WIGTON v. WIGTON.

Decided April 2, 1923.  Opinion modified and rehearing denied June 4, 1923.

Action for divorce and alimony.    Judgment for plaintiff.

*Affirmed.*

1. REFEREES—*Findings—Presumption.*  Where a court adopts the findings of a referee, the presumption is that in so doing it examined the record and did its full duty.  Such findings will not be disturbed on review.

2. EVIDENCE—*Property Values.*  The ordinary way of establishing property values is by the testimony of persons who are shown to have knowledge of the value of like property.  Objections that the value of property was determined as of one time rather than of another, held not tenable in the absence of a showing of prejudice.

3. DIVORCE AND ALIMONY—*Division of Property.*  A decree for "alimony and division of property," up-held.

4. *Contract to pay Attorney part of Alimony.*  A contract between the wife and her attorney that he shall receive a part of the alimony or divided property, while contrary to public policy and good morals, is no ground for a dismissal of the action.

5. PLEADING—*Admissions.*  The question of whether or not certain admissions were made in the answer regarding the character of a business conducted by the parties to a divorce action, not decided, it appearing that the matter was submitted to, and findings made thereon by a referee.

6. NONSUIT—*Evidence.*  In an action for divorce and alimony, there being a mass of evidence relevant to the property issue, a nonsuit was properly denied.

7. DIVORCE AND ALIMONY—*Division of Property.*  The contention in this case that the wife had no interest in the husband's property, because they are different persons, having individual rights, overruled.

8. APPEAL AND ERROR—*Fact Findings*. Fact findings of the trial court, supported by evidence, will not be disturbed on review.

9. DIVORCE AND ALIMONY—*Property Rights*. In an action for divorce, where the questions presented to the appellate court for review concern only the property rights of the parties, matters relating to the divorce will not be considered.

10. INTEREST—*Allowance*. The refusal of the trial court in a divorce action, to allow interest on the value of property from a certain date, held not error under the circumstances disclosed.

11. DIVORCE AND ALIMONY—*Division of Property*. On review of a divorce action, a decree is ordered for a division of the property between the parties so far as capable of division, and payment by the husband to the wife of her share of the property not divided. This action not to establish a precedent in the settlement of partnership matters.

*Error to the District Court of Pueblo County, Hon. Samuel D. Trimble, Judge.*

Mr. JOHN H. VOORHEES, Mr. S. S. PACKARD, for plaintiff in error.

Mr. E. O. PHLEGAR, Messrs. SABIN, HASKINS & SABIN, for defendant in error.

*En banc.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error brought suit against plaintiff in error for divorce, and had judgment. In entering the decree of divorce the court reserved for further consideration the question of alimony and division of property. A referee was appointed to take testimony and report findings as to the property interests of the parties, and in due time filed his report. The court adopted his findings, with some modifications, and entered judgment against the defendant for a gross sum of money. It is this judgment which is under review here.

Plaintiff in error has assigned numerous errors, many of which are not argued. He contends that the findings

of the court are not sustained by the evidence; but an examination of the record discloses that such is not the fact. There was a mass of evidence, pro and con, before the referee as to the property alleged to be community property, and as to its value. The court adopted the referee's findings. The presumption is that in so doing the court examined the record, and did its full duty. *Peck v. Alexander,* 40 Colo. 392, 91 Pac. 38. Under these circumstances we are not at liberty to weigh the evidence and make new findings. Counsel point out no finding which is without support in the record.

It is also contended that the value of the property should have been ascertained as of an earlier date; also that this value was based upon opinion evidence. We are at a loss to understand the ground of the latter objection, inasmuch as the ordinary way of establishing property values is by the testimony of persons who are shown to have knowledge of the value of like properties.

As to the other of these two objections mentioned, counsel do not suggest how the plaintiff in error has been prejudiced by a proof of values at one time rather than at another. The objections therefore are of no value.

It is further contended that the court had no authority to enter judgment for a gross sum, it being the contention of plaintiff in error that the allowance is alimony. The complaint alleged that defendant held in his name a large amount of property to the accumulation of which, through a series of years, the efforts of the plaintiff had contributed. The prayer of the complaint was for an allowance of alimony and a division of property. Such division is specifically authorized by the act of 1915, under which this suit was prosecuted. The court having found that the defendant was holding property in which the plaintiff had an interest, and the decree merely giving to the plaintiff the value of the share in that property to which the court found she was entitled, the fact that the decree spoke of the allowance as "alimony and a division of property" was wholly immaterial. That this matter was determined in

the pending action is in accord with good practice, which discourages a multiplicity of suits.

The courts look to the substance and not to the form in these cases. The court had ample authority for dividing the property according to the rights of the parties. *Van Gordor v. Van Gordor,* 54 Colo. 57, 129 Pac. 226, 44 L. R. A. (N. S.) 998. In that case a judgment for a sum in gross representing the value of one-half the joint property was affirmed, after a full discussion of the right of a wife to share in the property which she had helped to accumulate.

See, also, *Vigil v. Vigil,* 49 Colo. 156, 111 Pac. 833, 31 L. R. A. (N. S.) 579. Under the authority of the case last cited, defendant in error was entitled to one-half of the joint property, as permanent alimony. How then is plaintiff in error injured by calling it "alimony and division of property?"

Plaintiff in error also contends that the case should be dismissed upon the ground that there was in evidence a contract between the plaintiff and one of her counsel by which the attorney was to receive a portion of the amount recovered as alimony, or a division of property. That such a contract is contrary to public policy and good morals is not to be denied. If the matter now before the court concerned the divorce itself, the authorities cited by counsel on this point would be in point. The plaintiff in error, having married, is not in a position to question the validity of the divorce decree, and this review does not question it. The matter before us for determination is that of a division of property, a question which might have been determined without any proceeding for a divorce. The case cannot, therefore, be dismissed on the grounds stated.

It is urged also that the court erred in holding that the amended answer contained an admission of joint business. The objection is that the answer stated only that the business was conducted jointly, which, it is contended, is not an admission that the parties were conducting a joint business. However that may be, it is sufficient to say that one

of the matters referred to the referee, upon which to take testimony and make findings, was this question of joint business. Upon the evidence he found that the business was joint. It was not necessary, therefore, to depend upon any admission, or supposed admission, in the answer.

It is alleged that it was error in the court to overrule a motion for non-suit. There being a mass of evidence relevant to the property issue, a non-suit was properly denied.

Plaintiff in error also urges that in this state husband and wife are distinct persons, having individual rights; hence the wife had no interest in the husband's property. This matter is not pertinent, because the findings are that the wife contributed capital, and gave her services to the accumulation of this joint property. She is not claiming in the capacity of wife.

We are asked, also, to consider the assignment that the property was overvalued. There being evidence to support the findings, this court will not review them. There was but one cause of action pleaded, and the court did not err in denying the motion to compel the plaintiff to elect between the supposed causes of action.

We find no reason to disturb the findings of the court as to the referee's fees, nor do we see any reason for setting aside the costs as taxed.

Defendant in error contends that plaintiff in error, having married immediately after the decree became absolute, has lost his right to have the case reviewed. As has already been stated, this is a review only of the question of property interests. We are not, therefore, called upon to consider any matters concerning a divorce.

Defendant in error also contends that she should have had interest on the judgment from January 16, 1917. The findings do not determine what the value of the property divided was on the date above named. There is nothing in the record upon which interest could be computed from the date suggested. We are therefore of the opinion that the court did not err in refusing to allow interest from the date mentioned.

It appears that the case was tried with great care, and the results are equitable and fair. No error being found in the record, the judgment is affirmed.

## On Rehearing.

Plaintiff in error in his application for rehearing represents that inasmuch as the judgment is affirmed substantially as a judgment for division of property, and not strictly as alimony, it ought to be for a division of property only.

The purpose of the court in entering the judgment was, of course, to give to the defendant in error what was her right, without intent to inflict a hardship upon her former husband. The case will, therefore, be remanded to the district court with instructions to divide the property equally between the parties according to present values, so far as the same may be done equitably, and, as to the property which cannot properly be so divided, plaintiff in error be required to pay to the defendant in error one-half of the fair value of the same, as of the date of the decree, January 16, 1917.

The allowance of a money judgment, in lieu of a division of any part of the property, is not to be taken as establishing a rule to the effect that on a division of the property of an ordinary partnership a money judgment should be entered.