No. 11,319.

WIGTON *v.* WIGTON

Decided December 14, 1925.   Rehearing denied January 11, 1926.

Proceeding involving division of property between husband and wife following a divorce.   Judgment for plaintiff.

*Reversed.*

*On Application for Supersedeas.*

1.   DIVORCE AND ALIMONY—*Division of Property.*   Where following a divorce, there was a decree for an equal division of property between husband and wife, the husband was a trustee as to the property in his possession, and being managed at a loss, and he having paid for necessary improvements, upkeep and taxes, should not have been charged with interest, although any of the assets dissipated by him through violation of his duty as trustee should be made good, and his voluntary transfers treated as to him, as nullities.

*Error to the District Court of Pueblo County, Hon. Samuel D. Trimble, Judge.*

Mr. M. G. SAUNDERS, Mr. E. F. CHAMBERS, Mr. S. S. PACKARD, for plaintiff in error.

Mr. CHARLES E. SABIN, Mr. FRED A. SABIN, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and we hereinafter designate them as there.

The question before the court was the proper division of property between husband and wife, following divorce. The property in question was the product of joint capital and

joint labor, and on that basis should have been equally divided. The total value was found by the court to be $378,162.84, of which it appeared defendant was possessed of an amount valued at $257,559.16, and plaintiff of an amount valued at $120,603.68, hence the court gave plaintiff judgment for one-half the value of the excess held by defendant, i. e., $68,477.74. April 2, 1923, we affirmed that judgment. Application for rehearing was denied June 4, 1923, but the cause was remanded with instructions to "divide the property equally between the parties according to present values, so far as the same may be done equitably, and, as to the property which cannot' properly be so divided, plaintiff in error be required to pay to the defendant in error one-half of the fair' value of the same, as of the date of the decree, January' 16, 1917.

The allowance of a money judgment, in lieu of a division of any part of the property, is not to be taken as establishing a rule to the effect that on a division of the property of an ordinary partnership a money judgment should be entered." *Wigton v. Wigton*, 73 Colo. 337, 342; 216 Pac. 1055.

In carrying out our mandate the trial court interpreted our decision as an affirmance of a money judgment with permission to pay in property, so far as equitable, and allowed interest on the ground that defendant had enjoyed possession and income. Judgment was accordingly entered in favor of plaintiff for $86,190.54, payable in specific property designated and valued after a reference and report, all the costs of which were charged to defendant. To review that judgment defendant brings error and asks that the writ be made a supersedeas. He contends that the trial court misinterpreted our mandate to his great prejudice, and in this we think he is correct. It is not surprising, however, that the trial court was, under the circumstances, led into that error. Settlement might have been necessary in cash or property or both. Defendant was in possession and control of the larger portion of the assets and therewith was continuing the business. A forced

sale or division might result in serious loss. Plaintiff might have been without facilities for handling the property. Hence it might have been advantageous for both that the settlement be made in money. If so, the original judgment and our opinion of April 2, 1923, were correct. The injustice thereof having been urged on rehearing, we made the modification of June 4, 1923, changing the method, but upholding the principle of distribution. At that time we affiirmed the findings of fact on which the former judgment was based and now affirm those in the judgment before us.

Our former opinion, as modified on rehearing, required simply an equal division of property, with June 4, 1923, values as a guide, and cash settlement only where absolutely necessary. As to the property in defendant's possession he was a trustee. It was found by the court, and is undisputed, that it has been managed at a loss, and as defendant had paid for necessary improvements and upkeep, and had paid taxes, he should not have been charged with interest. Any of the assets dissipated by him through violation of his duty as trustee he must make good, and his voluntary transfers will be treated, as to him, as a nullity.

Using the 1923 values as a guide there should first be set apart to defendant property equal to that already held by plaintiff, i. e., $120,603.68. In so doing there must first be charged against him such sums as were lost in speculation in oil stocks or other clear violation of his duty as trustee. The remainder necessary to equal said sum he should be permitted to select. Thereafter selections should be made alternately. It seems further reference or additional testimony will be unnecessary, but the costs of the last reference should be equally divided.

The foregoing, or other equally equitable method, should be followed, resort being had to cash settlement only as hertofore provided, and the property distributed and the litigation terminated with all convenient speed.

The judgment is reversed and the cause remanded for further proceedings in conformity herewith.

MR. JUSTICE CAMPBELL not participating.