No. 19,261.

CHARLES G. REAP *v.* MILDRED Z. REAP.

(350 P. [2d] 1063)

Decided April 11, 1960.

Mr. LOUIS F. PELL, for plaintiff in error.

Mr. JACK P. SAKDOL entered an appearance for defendant in error but filed no brief.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

CHARLES REAP filed suit for divorce in Arapahoe County district court. The defendant wife failed to file her answer to the complaint within the designated period, but before the cause was set for hearing as a non-contested case she filed a tardy motion to dismiss. That motion was later withdrawn, and the wife was granted additional time to answer the complaint. A motion by the husband to strike the answer was denied, and trial was had on the merits before the court without a jury. After both parties presented their evidence, the court ordered a decree of divorce in favor of the husband. Evidence was taken on the issues of alimony, support and division of property. The court ordered the husband to pay a minimum of $100 per month for the support of the children, but further specified that during his period of

employment he pay a percentage of his income—30% for the children and 15% for the wife—each month into the court registry. Additional orders for costs and wife's attorney's fees were entered and the property division decree ordered the family property be sold and the proceeds divided between the parties.

Mr. Reap is here by writ of error challenging the correctness of the trial court ruling on the motion to strike the answer of defendant and also attacking the decree on the ground that the wife was found to be at fault and is not entitled to alimony. He urges also that the order for support must specify a fixed sum and not a percentage of income.

## FIRST QUESTION.

*Did the trial court err in failing to dismiss the answer of defendant wife on the grounds that it was offered after the prescribed time?*

This question is answered in the negative.

The plaintiff is not correct in assuming that a pleading which is offered late shall always be stricken from the record. The trial court may, for good cause, allow an extension of time to file an answer, even though the original time limit has passed. Colo. R.C.P. 6(b) (2). The trial court record shows a five-day delinquency and that the delay was occasioned by the fact that defendant wife lived in Iowa, and had to employ local counsel through time-consuming correspondence. No abuse of discretion is shown in the record.

## SECOND QUESTION.

*Did the trial court err in awarding the defendant wife alimony, attorney's fees and costs even though the court had granted the divorce to the husband?*

This question is answered in the negative.

The husband argues that because he was granted a divorce on the grounds of the mental cruelty of the wife the trial court is powerless to award the wife alimony or costs; that she is the losing party and the party found in the wrong, therefore she cannot benefit. In support of

this argument he cites *Henderson v. Henderson,* 104 Colo. 325, 90 P. (2d) 968. Although there is language in that case which comments on rights to alimony, only property division and allocation of certain sums of money were involved in the Henderson case, and the question of alimony was not before the court.

In some states it is the rule that fault is the norm by which it is determined whether alimony will be awarded. But in Colorado fault is not the sole standard. As stated in C.R.S. '53, 46-1-5, as amended (1958 Session Laws, p. 223):

" * * * the court may make such orders, if any, as the circumstances of the case may warrant * * * ."

 As we have held in numerous cases, this leaves to the trial court the determination under the particular facts of each case whether to award alimony. *Vigil v. Vigil,* 49 Colo. 156, 111 Pac. 833 (and cases therein cited which are still the law in Colorado). We deem the facts in this case are sufficient to warrant the court's determination to give the wife some relief, and there is not a showing here of abuse of discretion. The financial ability of the parties showed the need for additional payments to the wife. Therefore the awards for alimony and costs must be affirmed.

 This is not to say that a wife is always entitled to alimony in the face of her own wrongs. The conduct of the party seeking alimony is to be examined closely by the trial court, and evidence of moral delinquency or complete disregard of the marital vows and duties should be viewed as a bar to receiving alimony. See Annot. in 34 A.L.R. (2d) 313. In the case at bar there was no hint of moral delinquency by the wife.

 Plaintiff also argues that alimony cannot be awarded by the trial court since the wife did not request it in her answer. It is true that the wife merely denied all claims of grounds for divorce; she did not counterclaim for divorce and alimony as is so frequently done. Once the trial court decided the issue of divorce it was

within its power, under the statute, to take further evidence and determine whether the circumstances required additional orders for alimony and support.

## THIRD QUESTION.

*Did the trial court abuse its discretion in settling the payments of support and alimony to be made by the husband on a percentage basis?*

This question is answered in the negative.

■ The evidence showed that Mr. Reap's income was not stable from month to month due to extreme fluctuations in the type of business he pursued. In addition there was a showing that there would be a long period during which he would have no income. Under these circumstances the court determined it would not be fair to saddle the husband with a fixed payment schedule and that it would be more equitable to adjust the payments to his income fluctuations. When the court so provides, the husband cannot complain that the payments are set to his future and not present income.

The award being reasonable and within the trial court's discretion, we find no merit in plaintiff's argument.

The judgment is affirmed.