Opinion by
Mr. Chief Justice McWilliams.
Nan Bock, hereinafter referred to as the plaintiff, brought an action against her husband John S. Bock, who will be hereinafter referred to as the defendant, seeking a divorce on the grounds of cruelty and asking for custody of their one-year-old child as well as alimony, support, division of property, and attorney fees.
By answer defendant denied any cruelty on his part and by counterclaim he in turn sought a divorce from his wife on the ground that it was she who was actually guilty of extreme and repeated acts of cruelty.
At the time when plaintiff instituted the present action, she also filed a motion seeking immediate custody of the minor child and temporary alimony and support. Upon hearing this motion was granted and the trial court, among other things, awarded plaintiff $150 per month *410 as temporary alimony. In granting this motion for temporary alimony the judge, who incidentally did not thereafter serve as the trial judge of the case proper, opined as follows:
“It is the opinion of the Court that this is not a proper case where permanent alimony should be awarded to the plaintiff in this action by reason of the short term of the marriage of the parties, but the court is of the opinion that some temporary alimony should be awarded the plaintiff during the pendency of this action . . . .”
Upon trial of the matter the only witnesses were plaintiff and defendant and each generally testified as to the misconduct of the other. We learn from the record that defendant, who was self-employed in the management of his parents’ property, was about 40 years of age at the time of his marriage to plaintiff, who was then 27 years of age, and further that this was a second marriage for him, whereas it was the first matrimonial venture for plaintiff.
The trial court found that both plaintiff and defendant were guilty of cruelty and granted each a divorce from the other. The trial court then went on to order, among other things, that “there shall be no property settlement . . . the evidence adduced at the trial having shown no accumulation of property during the marriage of the parties” and further that “defendant shall pay to plaintiff . . . each and every month the sum of Seventy-Five Dollars ($75.00) by way of permanent alimony, commencing March 1, 1962 and continuing until defendant shall pay on account of alimony the total sum of $1,750.00 ____”
The trial court also ordered the defendant to pay plaintiff the sum of $250 “on account of attorney fees.” In this latter connection, some two months after the entry of the decree in divorce plaintiff filed a motion with the trial court seeking additional “attorney fees and printing costs in connection with appeal of this matter now filed with the Supreme Court . . . .” This *411 motion was denied, the court giving no explanation for its action in this regard.
By the present writ of error the defendant seeks reversal of that portion of the judgment which awards plaintiff permanent alimony in the total sum of $1,750, payable at the rate of $75 per month, contending that such was erroneous because:
1. plaintiff’s misconduct bars her from receiving any permanent alimony.
2. the trial court in granting temporary alimony found “that this is not a proper case where permanent alimony shall be awarded”;
3. plaintiff during the trial of this matter waived any right to claim permanent alimony; and
4. the award of $1,750 is excessive.
Plaintiff herself assigns error to the finding of the trial court that she was guilty of cruelty entitling defendant to a divorce on his counterclaim and she also claims that the trial court committed error in denying her motion for “additional attorney fees and printing costs” in connection with the then pending proceedings in this Court. In our view all of this varied assortment of alleged error is without merit, and the judgment should be affirmed.
In Vigil v. Vigil, 49 Colo. 156, 111 P. 833, where the husband was granted a divorce on the ground of desertion, this Court declared that “it is settled law that . . . [permanent] alimony may be awarded the divorced wife although the decree may have been granted the husband for her fault.” Defendant concedes that such is the rule in Colorado, but contends that the instant case is governed by the rationale of Reap v. Reap, 142 Colo. 354, 350 P. (2d) 1063, where it was stated that evidence of moral delinquency on the part of the wife or a complete disregard on her part of the marital vows “should be viewed as a bar to receiving alimony.” He argues that in the instant case the plaintiff was guilty of a moral delinquency of such magnitude as to bar *412 her from all permanent alimony. The trial court did not find any such wrongdoing on the part of plaintiff and our examination of the record convinces us that there .is no evidence which would warrant such a conclusion.
The remaining grounds urged for reversal of this award of permanent alimony are all equally untenable. The observation by the trial court when it granted temporary alimony that this was not a case for permanent alimony is just what the court itself labeled it — an opinion, gratuitous in nature and of no force and effect inasmuch as the issue of permanent alimony was not then before the court. Continuing, the record before us fails to disclose any waiver by plaintiff of her right to alimony, although she apparently was pressing with greater ardor for a division of property, as opposed to alimony. Nor do we find the award by the court of the sum of $1,750 as permanent alimony, payable at the rate of $75 per month, to be excessive, and this is true even though the marriage lasted only for one and one-half years. The record considered, this award of permanent alimony was indeed modest and did not constitute an abuse of discretion.
We now turn to a consideration of the several errors urged by plaintiff. The suggestion that there was insufficient evidence to justify the finding that defendant was entitled to a favorable judgment on his counterclaim is not seriously urged and suffice it to say that our examination of the record reveals sufficient evidence to support the same.
When the trial court denied plaintiffs motion for “an attorney fee and printing costs” incident to the review by this Court of the judgment of the trial court, there was nothing before the trial court to indicate just what these additional costs would be, or how much time would be required to write the briefs and orally argue the matter in this Court. Such being the status of things, the trial court did not err in denying the motion. In ■thus approving the action of the trial court, it should *413 be noted that such is without prejudice to the right of the plaintiff to again petition the trial court for such an allowance in the manner approved by us in Watson v. Watson, 135 Colo. 296, 310 P. (2d) 554.
The judgment is affirmed.
Mr. Justice Moore and Mr. Justice Pringle concur.