521 P.3d 1014
Marshall P. BROWN, in his official capacity as Director of Water of the City of Aurora, Colorado, Petitioner,
v.WALKER COMMERCIAL, INC., a Colorado corporation, Respondent.
Supreme Court Case No. 21SC390 Supreme Court of Colorado.
December 19, 2022
Attorneys for Petitioner: Hamre, Rodriguez, Ostrander & Dingess, P.C., Richard F. Rodriguez, Joshua R. Kruger, Denver, Colorado, Office of the City Attorney, Julia A. Bannon, Aurora, Colorado
Attorneys for Respondent: Cambridge Law LLC, Reid J. Allred, Jared M. Haynie, Denver, Colorado
Attorneys for Amici Curiae Colorado Departments of Corrections, Education, Higher Education, Regulatory Agencies, and Revenue; Adams State University; Auraria Higher Education Center; and Colorado Mesa University: Philip J. Weiser, Attorney General, Christopher J.L. Diedrich, Senior Assistant Attorney General, Denver, Colorado
Attorneys for Amicus Curiae Colorado Municipal League: Robert D. Sheesley, Rachel Bender, Denver, Colorado
En Banc
JUSTICE MÁRQUEZ delivered the Opinion of the Court, in which CHIEF JUSTICE BOATRIGHT, JUSTICE HOOD, JUSTICE GABRIEL, JUSTICE HART, JUSTICE SAMOUR, and JUSTICE BERKENKOTTER joined.
JUSTICE MÁRQUEZ delivered the Opinion of the Court. ¶1 Colorado Rule of Civil Procedure 106(a)(4) provides for review of quasi-judicial decisions made by a governmental body or officer in a civil matter where the law otherwise provides no plain, speedy, and adequate remedy. An action under Rule 106(a)(4) is commenced by filing a complaint in district court and is limited to a determination of whether the governmental body or officer exceeded its jurisdiction or abused its discretion. C.R.C.P. 106(a)(4)(I)–(II). Unless a statute establishes some other time limit for seeking review, "a complaint seeking review under [ Rule 106(a)(4) ] shall be filed in the district court not later than 28 days after the final decision of the body or officer." C.R.C.P. 106(b). The question before us is whether this twenty-eight-day deadline under Rule 106(b) for filing a Rule 106(a)(4) action may be extended for excusable neglect.
¶2 Walker Commercial, Inc. ("Walker") filed a Rule 106(a)(4) complaint seeking review of the decision of Marshall P. Brown, the Director of Water of the City of Aurora ("Director"), to levy a storm drain development fee against Walker's real property. Walker filed its Rule 106(a)(4) complaint in district court thirty days after the Director's final decision—two days past Rule 106(b)'s twenty-eight-day filing deadline.
¶3 Walker contends that C.R.C.P. 6(b) allows the district court to extend Rule 106(b)'s filing deadline upon a showing of excusable neglect. The Director disagrees, arguing that Rule 6(b) does not apply to Rule 106(b) because Rule 106(b)'s deadline establishes a limitation period that is jurisdictional and that must be strictly enforced.
¶4 We agree with the Director and conclude that Rule 6(b) does not apply to extend Rule 106(b)'s twenty-eight-day filing deadline. Instead, we reaffirm, consistent with nearly half a century of Colorado appellate case law, that Rule 106(b) establishes a limitation period for invoking the district court's jurisdiction under Rule 106(a)(4). Courts may not extend Rule 106(b)'s limitation period under Rule 6(b) on grounds of excusable neglect. Applying that understanding of Rule 106(b) here, we conclude the district court properly dismissed Walker's Rule 106(a)(4) amended complaint as untimely. Because the original complaint was untimely, the trial court also properly dismissed Walker's additional Claim 3 raised in its amended complaint. Accordingly, we reverse the judgment of the court of appeals.
I. Facts and Procedural History
¶5 Walker, a developer, submitted an application to the Planning Commission for the City of Aurora ("City") to develop commercial property into a self-storage facility. In 2017, the City approved the development plan. Thereafter, in April 2019, the City invoiced Walker for part of a storm drain development fee on the property. Walker objected to the fee but made the partial payment under protest and petitioned the Director for an administrative hearing. The Director held a hearing on July 15, 2019. On August 13, the Director emailed Walker stating that the City would accept $74,140.32 as payment for the fee. Walker's counsel called the City and learned that the August 13 email was the Director's final decision.1 ¶6 On September 12—thirty days after the Director's final decision—Walker filed a Rule 106(a)(4) complaint in district court seeking review of the Director's decision. The Director moved to dismiss under C.R.C.P. 12(b)(1) for lack of subject matter jurisdiction, contending that Walker's complaint was untimely under Rule 106(b)'s twenty-eight-day deadline for filing a complaint under Rule 106(a)(4).
¶7 Instead of responding to the Director's motion to dismiss, Walker filed an amended complaint on October 11, reasserting its Rule 106(a)(4) claim and adding two more claims. As relevant here, Walker's additional Claim 3 sought a declaration that the Director's decision was not effective because Walker had commenced proceedings for review within thirty days, and under the Aurora City Code, the Director's final decision becomes effective thirty days after notice is mailed or served on the petitioner "unless proceedings for review by the district court are commenced within that time." Aurora City Code 138-398(d).
¶8 The Director moved to dismiss the amended complaint, reasserting that the action was time-barred. Walker filed a response to the motion and separately moved for an extension of time under Rule 6(b), arguing that its untimely filing of the Rule 106(a)(4) complaint was the result of excusable neglect.
¶9 On December 20, 2019, the district court issued two orders. The first order denied Walker's motion for an extension of time, concluding that Rule 6(b) does not apply to Rule 106(b)'s jurisdictional deadline, and that regardless, Walker had not demonstrated excusable neglect. The second order granted the Director's motion to dismiss Walker's amended complaint, concluding that it was untimely filed and therefore the court lacked jurisdiction to hear it.
¶10 On January 28, 2020, the district court issued a third order, concluding that (1) Walker's complaint was time-barred because Rule 106(b)'s twenty-eight-day deadline was not preempted by the city ordinance's thirty-day deadline; (2) Walker's reliance on the thirty-day deadline did not constitute excusable neglect; and (3) Rule 106(b)'s twenty-eight-day deadline did not violate Walker's due process rights.
¶11 Walker appealed, contending, in part, that the city ordinance's thirty-day deadline governed, and that applying Rule 106(b)'s twenty-eight-day deadline violated Walker's due process rights. In the alternative, Walker contended that the trial court should have allowed its late-filed complaint under Rule 6(b), as Walker's two-day delay was due to excusable neglect. A division of the court of appeals reversed the district court's orders.
¶12 The division rejected Walker's claim that the municipal ordinance's thirty-day deadline governed and instead concluded that Rule 106(b)'s twenty-eight-day deadline applied to Walker's Rule 106(a)(4) action. See Walker Com., Inc. v. Brown, 2021 COA 60, ¶¶ 26–27, 492 P.3d 1045, 1051 (citing Gold Star Sausage Co. v. Kempf, 653 P.2d 397, 400–01 (Colo. 1982) ). It also concluded that applying the twenty-eight-day deadline did not violate Walker's right to due process. Id. at ¶¶ 30–36, 492 P.3d at 1052. However, the division went on to hold that Rule 6(b) allows trial courts to accept late-filed Rule 106(a)(4) complaints upon a showing of excusable neglect. Id. at ¶ 49, 492 P.3d at 1055. It further held that the standard for determining whether excusable neglect exists under Rule 6(b) parallels the excusable neglect standard under Rule 60(b). Id. at ¶ 66, 492 P.3d at 1058. The division remanded the case for the district court to (1) reconsider Walker's Rule 6(b) motion for an extension of time, applying the excusable neglect standard that the division outlined; and (2) articulate its reasoning for dismissing Walker's Claim 3 for declaratory relief, if it were to again dismiss the amended complaint on remand. Id. at ¶¶ 67, 69, 71, 492 P.3d at 1058–59.
¶13 We then granted the Director's petition for certiorari review of the court of appeals' decision.2 II. Standard of Review ¶14 We review a district court's interpretation of the Colorado Rules of Civil Procedure de novo. Schaden v. DIA Brewing Co., 2021 CO 4M, ¶ 32, 478 P.3d 1264, 1270. To analyze the rules, we apply "settled principles of statutory construction," and "we interpret the rules according to their commonly understood and accepted meanings." Id. ¶15 In so doing, "we read the rules as a whole, ‘giving consistent, harmonious, and sensible effect to all of [their] parts and avoiding constructions that would render any words or phrases superfluous or lead to illogical or absurd results.’ " Id. (alteration in original) (quoting Pineda-Liberato v. People, 2017 CO 95, ¶ 22, 403 P.3d 160, 164 ). To that end, we consider a rule's language, its purpose, and "federal cases construing the corresponding federal rule," if any. DCP Midstream, LP v. Anadarko Petroleum Corp., 2013 CO 36, ¶ 26, 303 P.3d 1187, 1193. We also consider a rule's "history, prior law, the consequences of a given construction of the [rule], and the end to be achieved by the [rule]." Martin v. People, 27 P.3d 846, 851 (Colo. 2001). Finally, we "examine our prior case law interpreting the relevant Colorado rules." Antero Res. Corp. v. Strudley, 2015 CO 26, ¶ 12, 347 P.3d 149, 153.
III. Analysis
¶16 The division held, and Walker no longer appears to dispute, that Rule 106(b)'s twenty-eight-day filing deadline governs the Rule 106(a)(4) action here. The question is whether that twenty-eight-day filing deadline may be extended under Rule 6(b) for excusable neglect. Until the division's decision here, no Colorado appellate court had directly addressed this issue. See, e.g., Adams v. Sagee, 2017 COA 133, ¶ 3 n.1, 410 P.3d 800, 802 n.1 (leaving unreviewed the district court's ruling that Rule 6(b)'s excusable neglect standard does not apply to Rule 106(b)'s jurisdictional deadline). ¶17 To answer this question, we review the language, history, and purpose of Rule 6(b) and Rule 106 and the case law interpreting these rules. Our survey leads us to conclude that Rule 6(b) does not apply to extend Rule 106(b)'s twenty-eight-day filing deadline. Instead, consistent with nearly half a century of our case law, we hold that Rule 106(b) establishes a strict limitation period for invoking the court's jurisdiction under Rule 106(a)(4). Thus, courts may not use Rule 6(b)'s excusable neglect standard to extend the filing deadline under Rule 106(b).
¶18 We conclude the district court properly dismissed Walker's amended Rule 106(a)(4) complaint as untimely, and thus also properly dismissed Walker's additional Claim 3. Accordingly, we reverse the judgment of the court of appeals.
A. Rule 6(b) ¶19 Rule 6(b) allows extensions of time for acts that parties must take under the Colorado Rules of Civil Procedure. Specifically, Rule 6(b) "allows a [trial] court to extend the time for accomplishing an act required or permitted by the [civil] rules or court order on, among other things, a showing of excusable neglect." P.H. v. People in Int. of S.H., 814 P.2d 909, 912 n.8 (Colo. 1991) ; see also Farm Deals, LLLP v. State, 2012 COA 6, ¶ 14, 300 P.3d 921, 923 ("The phrase ‘these rules’ plainly refers to the Colorado Rules of Civil Procedure, of which C.R.C.P. 6 is a part."). Rule 6(b) has given courts this discretion since the adoption of the Colorado Rules of Civil Procedure in 1941. C.R.C.P. 6(b) (1941) (published in 1941 Replacement Volume 1 CSA: Ch. 1, Rule 6(b) (1935)) ("[T]he court for cause shown may, at any time in its discretion ... (2) upon motion permit the act to be done after the expiration of the specified period where the failure to act was the result of excusable neglect ...."). As relevant here, Rule 6(b) currently provides:
When by these rules ... an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion ... (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect .... C.R.C.P. 6(b) (2022). ¶20 Trial courts have "broad latitude under the provisions of [ Rule] 6(b)(2)." Farmer v. Norm "Fair Trade" Stamp, Inc., 164 Colo. 156, 433 P.2d 490, 491 (1967) (concluding that the trial court did not abuse its discretion by entertaining a late motion to alter or amend its order); People v. McBeath, 709 P.2d 38, 39 (Colo. App. 1985) (citing Reap v. Reap, 142 Colo. 354, 350 P.2d 1063, 1065 (1960) ) (noting the trial court's "broad latitude" under Rule 6(b) to allow untimely responsive filings).
¶21 Rule 6(b) contains two express exclusions. Specifically, Rule 6(b) states that the court "may not extend the time for taking any action under Rule 60(b) and may extend the time for taking any action under Rule 59 only as allowed by that rule." C.R.C.P. 6(b). Both excluded rules relate to final judgments. See C.R.C.P. 60(b) (allowing courts to "relieve a party or [their] legal representative from a final judgment, order, or proceeding" for specified reasons); C.R.C.P. 59 (governing motions for post-trial relief). These exclusions first appeared in a 1951 amendment to Rule 6(b). C.R.C.P. 6(b) (1951) (published in 1951 Replacement Volume 1 CSA: Ch. 1, Rule 6(b) (1935)). The committee note describing these exclusions focused on the need for finality of certain rulings, explaining that "there should be a definite point where it can be said a judgment is final." Id.
B. Rule 106
¶22 Rule 106, which has also existed since the 1941 adoption of the Colorado Rules of Civil Procedure, abolished and replaced various special remedial writs. C.R.C.P. 106(a) (1941) (published in 1941 Replacement Volume 1 CSA: Ch. 15, Rule 106(a) (1935)) ("Special forms of pleadings and writs in habeas corpus, mandamus, quo warranto, certiorari, prohibition, scire facias, and proceedings for the issuance of other remedial writs, as heretofore known, are hereby abolished."). Prior to the adoption of Rule 106, our former Code of Civil Procedure included provisions governing the procedures for these special forms of pleadings.3 The purpose of abolishing the former procedure of the special writs was "to simplify pleadings and to eliminate delay." Berryman v. Berryman, 115 Colo. 281, 172 P.2d 446, 447 (1946).
¶23 Rule 106 nevertheless retained the substantive forms of relief available under those special remedial writs. Leonhart v. Dist. Ct. of Thirteenth Jud. Dist., 138 Colo. 1, 329 P.2d 781, 783 (1958) (citing N. Poudre Irr. Co. v. Hinderlider, 112 Colo. 467, 150 P.2d 304, 308 (1944) ) ("Even under the Rules of Civil Procedure the substantive aspects of remedial writs are preserved, and relief of the same nature as was formerly provided in such proceedings may be granted in accordance with precedents established under the old practice."). Specifically, subsection (a)(4) addresses relief previously covered by writs of certiorari and prohibition, whereas relief previously covered by writs of habeas corpus, mandamus, quo warranto, and scire facias are now covered by subsections (a)(1), (a)(2), (a)(3), and (a)(5), respectively. See Address No. 16, Guy K. Brewster, Appendix D (published in 1941 Replacement Volume 1 CSA: pp. 526–27 (1935)); 13 Debra Knapp, Civ. Proc. Forms & Comment. § 106:1 (3d ed. 2022).
¶24 While Rule 106(a)(4) has always been part of the Colorado Rules of Civil Procedure, for many years there was no deadline for seeking relief under that provision. In July 1970, however, we amended Rule 106(b) to include a thirty-day filing deadline for "a petition for certiorari or other writ seeking to review the acts of any lower tribunal" (that is, for the relief contemplated by Rule 106(a)(4) ) unless a statute provided a different timeline. C.R.C.P. 106(b) (1971) (published in C.R.S. 1973 Cum. Supp.: Ch. 17, Rule 106 (1963)). Notably, this amendment adding a filing deadline for Rule 106(a)(4) actions came nearly two decades after the 1951 amendment to Rule 6(b) that carved out exceptions for Rules 59 and 60(b). See C.R.C.P. 6(b) (1951) (published in 1951 Replacement Volume 1 CSA: Ch. 1, Rule 6(b) (1935)).
¶25 We adopted further amendments to Rule 106 in 1985 (effective January 1, 1986) to update and simplify the language, "while at the same time effecting a reasonable resolution to interpretive problems that ha[d] troubled courts and litigants for a number of years." Letter from Richard W. Laugesen, Chairman, Supreme Court Civil Rules Committee, to Hon. Luis D. Rovira, Justice, Colorado Supreme Court (Mar. 14, 1985) (on file with the Colorado Supreme Court). With respect to Rule 106(a)(4),
[t]he court ... revised the procedures for commencing the Rule 106 action. Previously, there was much confusion as to whether or not a Rule 106 action was commenced by the filing of a complaint under the C.R.C.P. or by the filing of a petition. Both methods were used. Now it is clear that the action is commenced by the filing of a complaint.
Michael J. Heydt, C.R.C.P. Rule 106 : Amendments Governing Appeals from Local Governmental Decisions, 15 Colo. Law. 1643, 1643 (Sept. 1986). At the same time, we amended Rule 106(b) to align its language with Rule 106(a)(4) and "to make it clear that a complaint, as opposed to a petition, is the vehicle for seeking review under Rule 106(a)(4)." Id. at 1644. We also clarified that a Rule 106(a)(4) complaint must be filed in district court "not later than thirty days ‘after’ the final decision" to be reviewed. Id.
¶26 More recently, we adjusted Rule 106(b)'s filing deadline in 2011 (effective January 1, 2012) from thirty days to twenty-eight days as part of a comprehensive overhaul of time calculations in Colorado rules adopting the "Rule of Seven." Rule Change 2011(18), Time Calculation Changes to Colorado Rules (Dec. 14, 2011);4 Richard P. Holme, "Rule of Seven" for Trial Lawyers: Calculating Litigation Deadlines, 41 Colo. Law. 33, 33 (Jan. 2012). Finally, in 2020, we amended Rule 106(a)(4) to limit its application to civil matters. Rule Change 2020(26), Colorado Rules of Civil Procedure, Rules 26, 106, and 121, § 1–14 (Aug. 17, 2020).
¶27 Throughout this evolution, the nature of review under Rule 106(a)(4) has remained consistently narrow: Courts simply review the lower body or officer's decision to determine whether it "has exceeded its jurisdiction or abused its discretion" when "there is no plain, speedy and adequate remedy otherwise provided by law." C.R.C.P. 106(a)(4) (2022); C.R.C.P. 106(a)(4) (1941) (published in 1941 Replacement Volume 1 CSA: Ch. 16, Rule 106(a) (1935)) (permitting review "[w]here an inferior tribunal ... has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy").
C. Application
¶28 Here, the division concluded that Rule 6(b) applies to allow the filing of a Rule 106(a)(4) action beyond Rule 106(b)'s twenty-eight-day filing deadline upon a showing of excusable neglect. Walker Com., ¶ 14, 492 P.3d at 1049. The division reasoned that because Rule 6(b) explicitly excludes Rules 59 and 60(b), the omission of Rule 106 from this list of exclusions was intentional, and so Rule 6(b)'s otherwise broad language must apply to the deadline in Rule 106(b). Id. at ¶ 42, 492 P.3d at 1053. Considering the development of Rules 6 and 106, the language of Rule 106 itself, and our case law interpreting the Colorado Rules of Civil Procedure, we disagree.
¶29 The history of Rule 6(b) sheds light on why Rule 106(b)'s deadline is not among the listed exclusions. As noted above, Rule 6(b) was amended in 1951 to create exclusions for Rules 59 and 60(b). At that time, Rule 106(a)(4) actions had no deadline, so there was no need—nor would it have made sense—to reference Rule 106 in Rule 6(b)'s list of exclusions. Indeed, the deadline in Rule 106(b) for filing a 106(a)(4) action did not appear until 1970, almost two decades later. Thus, it cannot be inferred that the omission of Rule 106(b) from the list of exclusions in Rule 6(b) was intentional.
¶30 More importantly, the language of Rule 106 generally—and of Rule 106(a)(4) in particular—shows that Rule 106(b)'s twenty-eight-day filing deadline functions as a limitation period for Rule 106(a)(4) actions. ¶31 We start with the understanding, confirmed in 1985, that Rule 106(a)(4) review is not a traditional appeal—instead, it is a standalone suit. C.R.C.P. 106(a) ("[R]elief may be obtained in the district court by appropriate action ...." (emphasis added)); C.R.C.P. 106(b) ("[A] complaint seeking review under subsection (a)(4) of this Rule shall be filed in the district court .... A timely complaint may be amended ...." (emphases added)). Like other new actions, review under Rule 106(a)(4) commences with "the filing of a complaint. An answer or other responsive pleading shall then be filed ...." C.R.C.P. 106(a)(4)(II).
¶32 Moreover, the text of Rule 106 reveals that a Rule 106(a)(4) action is special among the Colorado Rules of Civil Procedure—hearkening back to its predecessors, the special writs—in that it constitutes a self-contained process. Subsections (a)(4)(I) to (a)(4)(IX) set forth a detailed set of procedures for how such an action unfolds. And these provisions explicitly refer to other rules from the Colorado Rules of Civil Procedure when they specifically apply. See, e.g., C.R.C.P. 106(a)(4)(II) ("An answer or other responsive pleading shall then be filed in accordance with the Colorado Rules of Civil Procedure. " (emphasis added)); C.R.C.P. 106(a)(4)(V) ("The proceedings before or decision of the body or officer may be stayed, pursuant to Rule 65 of the Colorado Rules of Civil Procedure ." (emphasis added)). These specific references relying on other rules from the Colorado Rules of Civil Procedure for particular parts of Rule 106(a)(4)'s procedure—but not for all of it—indicate that a Rule 106(a)(4) action is unique. Such characteristics distinguish Rule 106(a)(4) from other acts required as part of standard litigation under the Colorado Rules of Civil Procedure such as responsive pleadings or motions.
¶33 Given the unique, self-contained nature of Rule 106(a)(4) proceedings, we have long construed Rule 106(b)'s filing deadline to function as a limitation period. Here, we must decide whether courts may extend such a limitation period for equitable considerations and specifically, in this case, for excusable neglect. ¶34 As part of our adversarial legal system, we include limitation periods "to promote justice, discourage unnecessary delay, and forestall prosecution of stale claims." Dean Witter Reynolds, Inc. v. Hartman, 911 P.2d 1094, 1096 (Colo. 1996). Generally, we have recognized two types of limitation periods: (1) statutes of limitations, and (2) non-claim statutes. ¶35 Statutes of limitations "limit[ ] the time in which an action may be brought, but do[ ] not deprive a court of jurisdiction." In re Estate of Kubby, 929 P.2d 55, 57 (Colo. App. 1996) (citing Barnhill v. Pub. Serv. Co., 649 P.2d 716, 718 (Colo. App. 1982) ). "The doctrine of equitable tolling provides for the tolling of the statute of limitations when ‘flexibility is required to accomplish the goals of justice.’ " UMB Bank, N.A. v. Landmark Towers Ass'n, 2017 CO 107, ¶ 27, 408 P.3d 836, 841 (quoting Dean Witter, 911 P.2d at 1096 ). Importantly, the doctrine of equitable tolling is disfavored and requires an extraordinary situation that prevents a plaintiff from filing on time.5 ¶36 In contrast, limitations that come from non-claim statutes are, "in effect, conditions on the existence of a right to seek redress." Id. at ¶ 28, 408 P.3d at 841. In practice, "such a statute prohibits the initiation of litigation after the prescribed date and, therefore, is jurisdictional in effect." Id. (quoting Pub. Serv. Co. v. Barnhill, 690 P.2d 1248, 1251 (Colo. 1984) ). Limitations from non-claim statutes "are not subject to equitable defenses such as waiver, tolling, or estoppel." Id. at ¶ 27, 408 P.3d at 841 (quoting Mesa Cnty. Valley Sch. Dist. No. 51 v. Kelsey, 8 P.3d 1200, 1206 (Colo. 2000) ). ¶37 In determining whether a limitation period comes from a statute of limitations or a non-claim statute, intent is paramount. See First Interstate Bank of Fort Collins, N.A. v. Piper Aircraft Corporation, 744 P.2d 1197, 1200 (Colo. 1987) (centering analysis on the General Assembly's intent to create a statute of limitations as opposed to a non-claim statute). Ordinarily, we look to the statutory language for this intent. UMB Bank, ¶ 30, 408 P.3d at 841. Our test is as follows:
Statutory language suggesting that a provision is a non-claim statute includes language stating that (1) the failure to file a claim within the statutory period bars the claim, (2) a timely filing is a condition to the existence of the claim itself, or (3) the failure to file within the statutory period "deprives courts of jurisdiction over such a claim." Id. (quoting Barnhill, 690 P.2d at 1252 ). Because Rule 106 is promulgated by this court, however, it is this court's intent that governs. See Schaden, ¶ 32, 478 P.3d at 1270 ("We interpret the rules by applying settled principles of statutory construction.").
¶38 For Rule 106, our consistent treatment of Rule 106(b)'s deadline as jurisdictional is the clearest and best indicator of our intent that the deadline function similarly to a non-claim provision, subject to no equitable exceptions. Soon after we amended Rule 106(b) to include a filing deadline, this court discussed the nature of that deadline in Hidden Lake Development Co. v. District Court, 183 Colo. 168, 515 P.2d 632 (1973). There, we considered Rule 106(b) in the context of a challenge to a rezoning decision made by the Adams County Commissioners where an indispensable party was not included in the initial complaint. The original Rule 106(a)(4) complaint was filed within Rule 106(b)'s then thirty-day filing deadline. Id. at 634. However, the plaintiff was not a "legally constituted entity" with the capacity to sue. Id. at 634–35. The plaintiff filed an amended complaint thirteen days after the initial complaint was filed, substituting party plaintiffs and joining the beneficiary of the rezoning decision, Hidden Lake Development Company, as a defendant. Id. at 634. The district court allowed plaintiffs to amend the complaint notwithstanding the thirty-day deadline. Id. Upon review of the district court's decision, this court reversed, explaining that as no statute provided a time limit to review county commissioners' zoning decisions, Rule 106(b)'s thirty-day deadline was controlling. Id. The court then noted that the amended complaint "with the [substituted] plaintiffs was not filed until twelve days after the period of limitation had passed." Id. (emphasis added). We reasoned that the "new plaintiffs could not adopt the pleadings and filing date [of the initial complaint] and make it their own." Id. at 635. This court held that the amended "complaint was filed too late, and the [district] court was without jurisdiction." Id.
¶39 Ever since our decision in Hidden Lake, we have consistently interpreted Rule 106(b)'s deadline as a jurisdictional deadline; we also initially declined to allow plaintiffs to amend Rule 106(a)(4) complaints to substitute or add indispensable parties. See Civ. Serv. Comm'n v. Dist. Ct., 185 Colo. 179, 522 P.2d 1231, 1232 (1974) (relying on Hidden Lake 's rule and holding that "failure of the [plaintiff] to join the two fellow examinees as indispensable parties prior to the expiration of [ Rule 106(b)'s] 30-day period divested the [district] court of jurisdiction " (emphasis added)); Snyder v. City of Lakewood, 189 Colo. 421, 542 P.2d 371, 376 (1975) ("The failure to bring a Rule 106(a)(4) proceeding within 30 days of the enactment of the Lakewood rezoning ordinance was a jurisdictional defect under C.R.C.P. 106(b)." (emphasis added)), overruled on other grounds by Margolis v. Dist. Ct., 638 P.2d 297 (Colo. 1981) ; Westlund v. Carter, 193 Colo. 129, 565 P.2d 920, 921 (Colo. 1977) ("[T]he failure of the plaintiffs to perfect their petition for certiorari review within thirty days constituted a fatal defect which required that the complaint be dismissed." (emphasis added)); Bd. of Cnty. Comm'rs of Mesa Cnty. v. Carter, 193 Colo. 225, 564 P.2d 421, 422 (1977) ("Since there is no special statute providing a time limit in which to appeal a rezoning determination[ ], the 30-day limit of C.R.C.P. 106(b) controls, and the failure to bring a Rule 106 proceeding within that time is a jurisdictional defect. " (emphasis added)).
¶40 We then amended Rule 106 in 1981 to permit a plaintiff to amend a timely-filed complaint for good cause to substitute, add, or dismiss parties. See Tri-State Generation & Transmission Co. v. City of Thornton, 647 P.2d 670, 676 n.6 (Colo. 1982) (explaining that Rule 106(b) had been amended, effective July 1, 1981, and "[a]s a result, the failure to join indispensable parties within the 30[-]day time limit established by C.R.C.P. 106(b) need no longer result in dismissal"). However, this change to allow a party to amend a timely filed complaint did not alter the court's treatment of the thirty-day limitation period under Rule 106(b) as jurisdictional. See, e.g., Danielson v. Zoning Bd. of Adjustment, 807 P.2d 541, 543 (Colo. 1990) ("[T]he thirty-day time requirement in C.R.C.P. 106(b) is jurisdictional and a complaint to review the actions of an inferior tribunal will be dismissed if it is not filed within thirty days after final action by that tribunal." (emphasis added)). Notably, our decision in Danielson resulted in dismissal where the complaint was filed just one day late. Id. ("Here, both parties agree that the complaint was filed thirty-one days after the Zoning Board's decision." (emphasis added)).
¶41 The court of appeals has also followed this court's approach of treating Rule 106(b)'s deadline as strict and jurisdictional. See Auxier v. McDonald, 2015 COA 50, ¶ 12, 363 P.3d 747, 751 ("The limitations period prescribed by Rule 106(b) is jurisdictional and cannot be tolled or waived. Where, as here, no statute provides a different limitations period, a claim seeking review under Rule 106(a)(4) that is filed more than twenty-eight days after the governmental body or officer's final decision must be dismissed." (citation omitted)); Brooks v. Raemisch, 2016 COA 32, ¶ 26, 371 P.3d 738, 742 ("A complaint filed after the applicable time period must be dismissed for lack of jurisdiction."); Maslak v. Town of Vail , 2015 COA 2, ¶ 17, 345 P.3d 972, 976 ("[A] Rule 106(a)(4) complaint that is not filed in the district court by the 28-day jurisdictional deadline must be dismissed for lack of subject matter jurisdiction."); Crawford v. Dep't of Corr., 895 P.2d 1156, 1158 (Colo. App. 1995) ("Failure to comply with the 30-day limitations period divests the district court of subject matter jurisdiction to hear the action."). ¶42 This unbroken line of case law over nearly half a century—beginning shortly after we first adopted Rule 106(b)'s deadline—is conclusive. It conveys our intent to treat Rule 106(b)'s deadline as a non-claim limitation period. Accordingly, we reaffirm Rule 106(b)'s deadline as a strict jurisdictional limitation. ¶43 Notably, our construction of Rule 106(b)'s deadline as a jurisdictional limitation serves important practical purposes. In particular, the strict enforcement of Rule 106(b)'s twenty-eight-day filing deadline "promote[s] government efficiency and sound municipal planning." Bd. of Cnty. Comm'rs of Douglas Cnty. v. Sundheim, 926 P.2d 545, 549 (Colo. 1996). This is especially true considering the number and breadth of lower governmental decisions that are reviewable under Rule 106(a)(4).6 In Sundheim, we explained how the short deadline for filing Rule 106(a)(4) actions supports our intent to "balance a citizen's right to have [their] case heard against the need for efficient municipal planning." 926 P.2d at 550. Providing a reasonably short jurisdictional deadline promotes that goal by "removing municipal planning and individual properties from a cloud of uncertainty" after the deadline passes. Auxier, ¶ 13, 363 P.3d at 751 (quoting Richter v. City of Greenwood Village, 40 Colo.App. 310, 577 P.2d 776, 778 (1978) ).
¶44 This approach—treating Rule 106(b)'s deadline as strict and jurisdictional to balance the rights of aggrieved citizens with legitimate government interests in finality—also aligns with the uniform strictness with which the General Assembly and our courts have treated other types of untimely challenges of governmental actions. For example, the Colorado Governmental Immunity Act ("CGIA") provides for a statutory right of action to sue the government for "an injury by a public entity or by an employee thereof." § 24-10-109(1), C.R.S. (2022). The General Assembly expressly made the CGIA's 182-day limitation a non-claim jurisdictional deadline. See id. ("Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action."). We have recognized that the General Assembly "pointedly meant to render the 18[2]–day notice provision into a jurisdictional prerequisite rather than an affirmative defense ... [and thus] provide certainty." Reg'l Transp. Dist. v. Lopez , 916 P.2d 1187, 1193 (Colo. 1996).
¶45 Similarly, the State Administrative Procedure Act ("APA"), which allows for judicial review of final agency actions commencing at the court of appeals, bars untimely review. §§ 24-4-101 to - 106, C.R.S. (2022). Although C.A.R. 26(c) generally allows for an extension of time "for good cause shown," it excludes its application to these APA review actions:
[T]he court may not extend the time to file ... a petition to enjoin, set aside, suspend, modify, enforce, or otherwise review, or a notice of appeal from, an order of an administrative agency, board, commission, or officer of the State of Colorado, except as specifically authorized by law. C.A.R. 26(c) (2022) (emphasis added).7 Thus, our treatment of Rule 106(b)'s deadline aligns with statutory frameworks that create non-claim statutes for similar types of review. ¶46 We conclude that Rule 106(b)'s twenty-eight-day filing deadline is a strict jurisdictional limitation on Rule 106(a)(4) actions, and so it is not subject to equitable tolling, let alone broader equitable considerations like excusable neglect.
¶47 Having determined that Rule 106(b)'s deadline cannot be extended for equitable considerations, we need not reach the issue of the relevant standard to apply for excusable neglect.
¶48 Finally, we turn to whether the division erred in addressing Walker's Claim 3 in the amended complaint and by remanding the case to the trial court for further consideration. Walker amended its untimely-filed Rule 106(a)(4) complaint to add two additional claims seeking declaratory relief. The rule expressly allows additional claims to be included in the complaint. C.R.C.P. 106(a)(4)(VI) ("Where claims other than claims under this Rule are properly joined in the action, the court shall determine the manner and timing of proceeding with respect to all claims."). The question here is whether Walker "properly joined" its additional claims. ¶49 Because Walker's Rule 106(a)(4) claim was untimely filed, it naturally follows that Walker could not amend its complaint to join the additional claims. See Auxier, ¶ 24, 363 P.3d at 753 ("[I]f the plaintiff's original complaint did not seek review under Rule 106(a)(4) within the relevant limitations period, an amendment seeking such review will not ‘relate back to the date of filing of the original complaint.’ " (quoting C.R.C.P. 106(b) )). Furthermore, we have previously held that "a party may not seek to accomplish by a declaratory judgment what it can no longer accomplish directly under C.R.C.P. 106(a)(4)." Tri-State, 647 P.2d at 676 n.7. We therefore hold that the trial court properly dismissed Walker's Claim 3.
IV. Conclusion
¶50 Consistent with decades of case law, we reaffirm that the filing deadline under Rule 106(b) functions as a strict limitation period to invoke the district court's jurisdiction under Rule 106(a)(4). We therefore conclude that courts may not extend that deadline under Rule 6(b) on grounds of excusable neglect. The trial court properly dismissed Walker's Rule 106(a)(4) amended complaint as untimely. Because Walker could not join additional claims to its untimely-filed Rule 106(a)(4) action, the trial court properly dismissed Claim 3 as well. Accordingly, we reverse the judgment of the court of appeals.
1 The Director did not serve or mail notice of the final decision to Walker as required by Aurora City Code 138-398(d) ("Every final decision of the director of water shall be in writing, and notice thereof shall be mailed to or served upon the petitioner within 15 days from the date of the decision."). Nevertheless, there is no dispute that Walker had actual notice of the Director's August 13 final decision.
2 We granted certiorari review of three issues:
1. Whether the court of appeals erred in holding that C.R.C.P. 6(b)(2) applies to C.R.C.P. 106 and thus grants trial courts discretion to allow untimely C.R.C.P. 106(a)(4) complaints upon a finding of excusable neglect.
2. Whether the court of appeals erred in holding that C.R.C.P. 6(b)(2)'s excusable neglect standard parallels C.R.C.P. 60(b)'s excusable neglect standard.
3. Whether the court of appeals erred in addressing Walker's Claim 3 from the amended complaint and remanding the trial court's decision.
3 See, e.g., Colorado Supreme Court Rule 57 (1934) (published in Rules of the Supreme Court of Colorado, Ch. II, Rule 57 (1929)) (describing the application for original jurisdiction for various special writs); Colorado Supreme Court Rule 38 (1914) (published in Rules of the Supreme Court of Colorado, p. 20, Rule 38 (1914)) (same); Colorado Supreme Court Rule 54 (1885) (published in Rules of Supreme Court Colorado, p. 22, Rule 54 (1885)) (same).
4 These changes and other rule changes from 1997 onward are publicly memorialized on our website. Colorado Judicial Branch Adopted & Proposed Rule Changes, https://www.courts.state.co.us/Courts/Supreme_Court/Rule_Changes.cfm [https://perma.cc/3KRK-LRLP].
5 Equitable tolling is appropriate only "where the defendant's wrongful conduct prevented the plaintiff from asserting [their] claims in a timely manner," Dean Witter, 911 P.2d at 1096, or "where extraordinary circumstances make it impossible for the plaintiff to file [their] claims within the statutory period," id. at 1097. This standard is far higher than that for excusable neglect.
6 See, e.g., Danielson, 807 P.2d 541 (reviewing municipal zoning decision); Bd. of Comm'rs of Cnty. of Boulder v. City of Broomfield, 7 P.3d 1033, 1035 (Colo. App. 1999) (reviewing decision adopting urban renewal plan); Berger v. City of Boulder, 195 P.3d 1138 (Colo. App. 2008) (reviewing liquor license use review); Colo. Health Consultants v. City & Cnty. of Denver, 429 P.3d 115 (Colo. App. 2018) (reviewing denial of retail marijuana cultivation renewal); U.S. West Commc'ns v. City of Longmont, 924 P.2d 1071 (Colo. App. 1995) (reviewing ordinance addressing undergrounding of facilities); Colo. Airport Parking, LLC v. Dep't of Aviation of City & Cnty. of Denver, 2014 COA 17, 320 P.3d 1217 (reviewing municipal transportation rule promulgation); Barnes v. City of Westminster, 723 P.2d 164 (Colo. App. 1986) (reviewing personnel discipline).
7 Indeed, Walker argues—and the division agreed—that this court has extended jurisdictional deadlines in our appellate rules, so we should construe our civil rules to do the same for Rule 106(b). We are not persuaded. Unlike Rule 106(b), appellate rules like C.A.R. 4 and C.A.R. 4.1 expressly allow for an extension of time to their respective deadlines. See C.A.R 4(a)(4) ; C.A.R. 4(b)(3) ; C.A.R. 4.1(i). While C.A.R. 4.2 does not provide for time extensions, a division of the court of appeals has extended the rule's deadline pursuant to C.A.R. 26. See Farm Deals, ¶ 19, 300 P.3d at 924. That appellate rule, as we have noted, may not extend deadlines to review lower governmental orders. It does not apply to such initial deadlines for review under either the APA or Rule 106(a)(4).